**Vera L. EDMONDSON, etc., Plaintiff,**

v.

**William SIMON, etc., et al., Defendants.**

**No. 76 C 4591.**

United States District Court,
N. D. Illinois, E. D.

Aug. 26, 1980.

Terry Yale Feiertag, Minsky, Lichtenstein & Feiertag, P. C., James P. Ostler, Jr., Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants.

### Opinion and Order

SHADUR, District Judge.

Plaintiff has sued the Secretary of the Treasury and other federal governmental defendants, alleging violations of the Age Discrimination in Employment Act of 1967 (the "ADEA" or "Act"), Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963, and has filed a jury demand under the ADEA count of her complaint. Defendants have moved to strike that jury demand. For the reasons stated in this opinion and order, defendants' motion is granted.

There is no provision of the Act that in terms grants a federal employee plaintiff the right to a jury trial; the Act is silent on that score. Each party's arguments are therefore necessarily based on inferences drawn from the inaction of Congress in dealing specifically with the jury trial issue as to federal employees. And each party seeks to rely, albeit in a different way, on the Supreme Court's decision in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

*Lorillard* involved, as to the employee of a *private* employer, the identical jury trial issue presented here. There too the statute was silent, and the Supreme Court implied the existence of a right to jury trial as a matter of statutory construction.

Essentially plaintiff's position is that *Lorillard* was predicated on the "significant indication" (434 U.S. at 580, 98 S.Ct. at 870) of a congressional intention to parallel the Act with the Fair Labor Standards Act (the "FLSA"). In 1974 the FLSA was amended to allow suits against the United States. Although the FLSA itself contains no specific grant of a jury trial right to federal employees, plaintiff seeks to infer that the right to sue the United States under the 1974 amendment carried with it the established right (against other employers) to a jury trial. In turn plaintiff seeks to draw the inference from *Lorillard* that the parallel between the ADEA and the FLSA includes the inferential jury trial right.

Defendants draw an opposite set of inferences. Their basic premise is that the FLSA right to jury trial against non-governmental employees derives from the Seventh Amendment, which has no force against the federal government. From this they argue that, absent an explicit waiver of governmental immunity (not present in the ADEA), federal employees have no right to jury trial. *Lorillard's* implication of an ADEA right to jury trial, drawn from the FLSA cases dealing with employees in the private sector, should therefore not extend to federal governmental employees. Finally, they say, the 1978 amendment to the ADEA that codified and extended the *Lorillard* decision as to non-governmental employees impliedly negates any congressional intention to entitle federal governmental employees to jury trials.

Simply to state the parties' positions is to demonstrate that each has some strengths and some weaknesses—a not unexpected result where arguments seek to build inferences on other inferences. Only one Court of Appeals decision, *Nakshian v. Claytor*, 628 F.2d 59, 22 F.E.P. Cases 41 (D.C. Cir.

1980) and one District Court case, Judge Aspen's decision in *Harris v. United States Department of Treasury*, 489 F.Supp. 476 (N.D.Ill.1980), have dealt directly with the problem. Each upheld plaintiff's position here, *Nakshian* in a two-to-one decision of the Court of Appeals for the District of Columbia.

Though the issue is thus clearly a close one, it seems to the Court that the government and Judge Tamm's dissenting opinion in *Nakshian* have the better of the argument.

It was not until 1974 that the ADEA was made applicable to federal employees at all. That was done by enacting an entirely separate section (29 U.S.C. § 633a) covering employees of the federal government (29 U.S.C. §§ 623 ff. cover employees of private employers). Then after *Lorillard* Congress enacted a number of 1978 amendments to the ADEA. Section 626 was amended as to employees in the *private* sector to codify the *Lorillard* result and to extend jury trial to actions seeking liquidated damages and equitable relief (29 U.S.C. § 626(c)(2)). Section 633a was also amended as to federal employees—but *not* by the insertion of any jury trial provision.[1]

Section 626(b) of the Act provides:

The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title [all comprising part of the FLSA] and subsection (c) of this section.

As to non-governmental employees the teaching of *Lorillard* is that Congress was presumed to have enacted the ADEA with knowledge of the established construction of the FLSA granting the right to jury trials. But there is no such established construction of the FLSA as to *federal* employees (as already pointed out, the 1974 amendment extending FLSA coverage to governmental employees had no specific provision either granting or denying jury trials).

■ Because the Seventh Amendment's guaranty of jury trials does not extend to suits against the government (given the sovereign immunity that existed at common law when the Bill of Rights was adopted), it is necessary to find in the applicable statute a governmental consent not only to be sued but also to have the issues tried before a jury. When the government consents to be sued, "it is free to allow suit on whatever terms it chooses, and may grant or deny jury trial as it sees fit," 9 Wright, Miller & Cooper, Federal Practice and Procedure § 2314, at 69; see 5 Moore's Federal Practice ¶ 38.31[2], at 236.

■ It has already been said that the 1974 amendments to the ADEA extending its coverage to federal employees contained no specific provision either way on the issue of jury trials. But that gap is more meaningful than mere silence. Congress had before it, but failed to elect, the available alternative of enacting proposed legislation that would clearly have resolved the issue in favor of jury trials.[2] Instead Congress

---

1. One of the 1978 amendments relating to the federal sector (the addition of 29 U.S.C. § 633a(f)) provides:

(f) Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section [the subsection creating the substantive non-age-discrimination right] shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.

Under the literal reading of that subsection, the jury trial section of the Act (29 U.S.C. § 626(c)(2)) would be one of the provisions specifically made inapplicable to claims of federal governmental age discrimination. Perhaps

because that argument could prove too much (possibly leading as well to depriving federal employees of the benefit of the attorneys' fees or liquidated damages provisions of the Act), the government does not seek to rely on Section 633a(f) in this case.

2. Senator Bentsen had originally introduced S. 3318, 92d Cong. 2d Sess., 118 Cong.Rec. 7745 (1972), which would have extended the ADEA to federal employees by amending the definition of "employer" in 29 U.S.C. § 630(b) to include the federal government. Had that provision been adopted, all procedural aspects of the Act, including the right to jury trials, would have extended equally to federal employees and to employees in the private sector; but the

adopted wholly separate provisions for federal employees. In this Court's view Congress' action negates any inference "by fair implication" that the 1974 amendments granted such employees a right to jury trial. Congress may have desired to extend equivalent *substantive* protection against age discrimination to federal employees, but it does not follow that it intended that the *procedures* be identical in all respects to those for employees in the private sector.

There is even more compelling congressional action—and inaction—that negates any implication of the right to jury trial. When the post-*Lorillard* amendments were adopted in 1978, Congress specifically considered the question of jury trials and amended *only* the private sector sections of the Act to codify and extend *Lorillard*. It did not choose to amend the federal employees section, Section 633a, to provide a comparable jury trial right, even though it contemporaneously amended that section in other respects. In this Court's view, Judge Tamm drew the correct inference when he said in dissent, *Nakshian v. Claytor*, 628 F.2d at 69, 22 F.E.P. Cases at 48:

> The failure to adopt a parallel amendment indicates that Congress did not intend to extend its waiver of sovereign immunity to permit jury trials for federal employees.

This Court also finds persuasive Judge Tamm's reasoning in rejecting the other arguments adduced by plaintiff and by the majority opinion of his brethren in support of a jury trial. *Id.* at 69–70, 22 F.E.P. cases at 48–49.

Finally, the doctrine of governmental immunity cannot be ignored. True enough, it has been deprived of much of its common law force, but always by *statutory* changes and not by judicial legislation. Absent a clear showing of congressional intent, certainly the doctrine retains enough vitality to overcome an attenuated argument like that proffered by plaintiff, based on a presumed intention grounded on an inference once removed.

For the reasons stated in this opinion, defendants' motion to strike plaintiff's jury demand in Count II of the complaint is hereby granted.

---

amendment was *not* adopted in that form. Later in the same term Senator Bentsen instead introduced the amendments that, as the 1974 amendments to the ADEA ultimately did, established a *separate* section with special procedures dealing with governmental age discrimination.