646 F.2d 595
 15 ERC 1719, 207 U.S.App.D.C. 260
 MONTGOMERY ENVIRONMENTAL COALITION et al., Petitioners,
v.
Douglas M. COSTLE, Administrator, Environmental Protection
Agency, Respondent,
Washington Suburban Sanitary Commission, Maryland Dept. of
Natural Resources, Intervenors.
MONTGOMERY ENVIRONMENTAL COALITION, INC. et al., Petitioners,
v.
Douglas M. COSTLE, Administrator, Environmental Protection
Agency, Respondent,
Prince George's County, MD, Washington Suburban Sanitary
Commission District of Columbia State of Maryland,
Dept. of Natural Resources, Intervenors.
 Nos. 79-1183, 79-1576.
 United States Court of Appeals,
District of Columbia Circuit.
 Feb. 9, 1981.
 
 Herbert L. Fenster, Richard A. Flye and David A. Churchill, Washington, D. C., were on the motion of petitioners, Montgomery Environmental Coalition, et al., for award of attorney's fees.
 Nancy J. Marvel, Washington, D. C., was on respondent Costle's opposition to motion of Petitioners, Montgomery Environmental Coalition, et al., for award of attorneys' fees.
 Before MacKINNON, WALD and MIKVA, Circuit Judges.
 Opinion for the Court filed by Circuit Judge MIKVA.
 MIKVA, Circuit Judge:
 
 
 1
 Petitioner Montgomery Environmental Coalition (MEC) prevailed on some issues in its challenge to the Environmental Protection Agency's proceedings on the National Pollution Discharge Elimination System permit for the Blue Plain Sewage Treatment Plant. See Montgomery Environmental Coalition v. Costle, 646 F.2d 568 (D.C.Cir. 1980). MEC now moves for an award of attorneys' fees against the EPA and intervening parties, citing as a statutory authorization section 505(d) of the Federal Water Pollution Control Act, 33 U.S.C. § 1365(d) (1976). Some statutory authorization is necessary to overcome the usual presumption of the "American Rule" that parties are to pay their own attorneys. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).
 
 
 2
 Section 505(d) applies by its terms only to "citizen suits" brought in the district courts to redress private violations of the Act or to compel the EPA Administrator to perform a nondiscretionary duty. Although the history of MEC's dispute with the EPA includes a citizen suit in the district court, that suit was dismissed because the EPA had commenced administrative proceedings on the same subject matter, see Montgomery Environmental Coalition v. Washington Suburban Sanitary Commission, 607 F.2d 378 (D.C.Cir.1979), and our jurisdiction is currently based on section 509 of the Act, 33 U.S.C. § 1369 (1976), which provides for judicial review in the courts of appeals of the EPA's permit decisions. Section 509 does not expressly provide for attorneys' fees.
 
 
 3
 In a closely analogous situation, this court held that the power to award attorneys' fees under the citizen suit provision, section 304, of the Clean Air Act, 42 U.S.C. § 7604 (Supp. II 1978) did not authorize such awards to litigants seeking judicial review of agency action under section 307(b) of the Clean Air Act, 42 U.S.C. § 7607(b) (Supp. II 1978), even where the same litigation could arguably have been framed as a citizen suit in the district court. Natural Resources Defense Council v. Environmental Protection Agency, 512 F.2d 1351 (D.C.Cir.1975). The legislative history of the 1972 Federal Water Pollution Control Act Amendments expressly indicates that the citizen suit provisions of that Act are modeled on those of the 1970 Clean Air Act Amendments. S.Rep. No. 414, 92d Cong., 1st Sess. 79 (1972), U.S.Code Cong. & Admin.News 1972, p. 3668. Congress has since amended the Clean Air Act to allow attorneys' fees even in section 307(b) judicial review cases, recognizing the need "for specific authorization imposed by 28 U.S.C. sec. 2412 and by the Supreme Court's ruling in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)." H.R.Rep. No. 294, 95th Cong., 1st Sess. 337 (1977), U.S.Code Cong. & Admin.News 1977, pp. 1077, 1416; see 42 U.S.C. § 7607(f) (Supp. II 1978). No comparable change has been made in the Federal Water Pollution Control Act.
 
 
 4
 We cannot accept MEC's attempt to bootstrap this case into section 505(d) on the strength of MEC's prior citizen suit in the district court. If that suit prompted the EPA to take its responsibilities more seriously and initiate administrative proceedings, then the time to claim victory and seek attorneys' fees was when that suit was terminated. As this court observed in Natural Resources Defense Council v. Environmental Protection Agency, 512 F.2d 1351, 1357 (D.C.Cir.1975), some judicial review proceedings may vindicate the same interests that citizen suits are designed to serve. But we must respect the lines that Congress has chosen to draw. If attorneys' fees in section 509 review proceedings are generally noncompensable, we cannot create an arbitrary exception for those judicial review proceedings that happen to be preceded by citizen suits raising related issues.
 
 
 5
 Motion denied.