**Bess KENNEDY, Plaintiff,**

v.

**William H. WHITEHURST, Defendant.**

**Civ. A. No. 80–1183.**

United States District Court, District of Columbia.

March 10, 1981.

Joel P. Bennett, Washington, D. C., for plaintiff.

Melvin Bolden, Jr., Asst. Corp. Counsel, Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

This case, fashioned as an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, is currently before the Court on plaintiff's motion for summary judgment. By this complaint, plaintiff seeks only to recover the costs of attorney's fees for services of counsel at the administrative level which resulted in the settlement of her case on the merits by a retroactive promotion. Because the Court has concluded that the ADEA does not authorize the Court to award attorney's fees for services at the administrative level, the plaintiff's motion will be denied. Further, in light of this disposition, it is apparent that no further refinement of the factual record or the legal arguments provided by counsel would alter the conclusion that plaintiff is not entitled to prevail on this claim for relief. For this reason, there is no cause for the Court to delay the entry of summary judgment for defendant. Accord-

ingly, the Court will enter summary judgment for defendant.

## I. BACKGROUND.

Plaintiff has been an employee of the District of Columbia Department of Human Services and its predecessor agency, since December of 1970. In August 1979, plaintiff, then employed as a GS–9, step 5, Social Service Representative, filed a complaint with the District of Columbia Office of Human Rights alleging that she had been denied promotion opportunities because of her race, gender and age.[1] In September of 1979, plaintiff filed a complaint of age discrimination with the United States Equal Employment Opportunity Commission (EEOC).[2] As a result of the latter complaint, the EEOC negotiated a settlement agreement with defendant by which plaintiff was retroactively promoted to the GS–11 level with an award of back pay.[3] Despite plaintiff's requests, made through counsel, the settlement did not include an award of attorney's fees.

The parties are in disagreement as to the effect of the settlement agreement in the present case. The defendant asserts that the settlement entered under the EEOC's "no-fault" settlement procedures[4] does not represent either a finding or a concession that plaintiff had in fact been the victim of age discrimination. Plaintiff, on the other hand, relying on certain communications between the EEOC and defendant,[5] contends

that this resolution conclusively established that plaintiff was the victim of discrimination based on her age. The Court's disposition of the present dispute does not, however, necessitate the resolution of the question thus presented. Even assuming plaintiff is correct and these events at the administrative level conclusively establish that plaintiff was the victim of unlawful discrimination, the Court's interpretation of the ADEA still precludes an award of attorney's fees in the present case.

## II. DISCUSSION.

■ The starting point for any discussion of the availability of attorney's fees for a successful litigant in federal court is the rule announced by the United States Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Simply stated, the Court there held that any deviation in the federal courts from the traditional "American rule" that parties are to pay their own attorneys must be based on a long recognized exception to that rule[6] or some specific statutory authorization. 421 U.S. at 270–71, 95 S.Ct. at 1628, *see also Montgomery Environmental Coalition v. Costle*, 646 F.2d 595 at 596 (D.C.Cir. 1981).

■ As the present case does not fall within any of the recognized exceptions to the American rule, plaintiff seeks to justify an award of fees by reliance on § 7(b) of

---

1. Plaintiff's complaint to the Office of Human Rights (OHR) was dismissed at that level on May 14, 1980. Since that time, the complaint has been remanded to OHR for further consideration. In any event, the claim now before the Court relates only to plaintiff's age discrimination complaint. Complaint ¶¶ 7–10.

2. Plaintiff's Motion for Summary Judgment, Exhibit 2.

3. Plaintiff's Statement of Material Facts ¶ 5.

4. Section 2 of the 1978 Reorganization Plan No. 1 (Feb. 23, 1978), 92 Stat. 3781, 43 Fed.Reg. 19807, transferred the functions of the Secretary of Labor and the Civil Service Commission under the ADEA to the Equal Employment Opportunity Commission. The EEOC often resolves discrimination complaints after investigation through non-adversarial persuasion and

voluntary acquiescence. *See, e. g.*, 29 C.F.R. §§ 1601.20, 1613.217 (1976).

5. Further Supplement to Plaintiff's Reply to Opposition to Plaintiff's Motion for Summary Judgment, Exhibits 1–3.

6. The long standing exceptions to the rule expressly recognized in *Alyeska Pipeline* were those entitling a party to attorney's fees when: (1) the action results in a fund for the common benefit of a group, whose members have not borne the expense of the litigation; (2) fees are assessed as part of the fine for willful disobedience of a court order; and (3) the losing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." 421 U.S. at 258–59, 95 S.Ct. at 1622.

the ADEA, 29 U.S.C. § 626(b), which provides in part:

> The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, . . . .

*Id.* That section's reference to section 216 is to § 16 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, which provides in pertinent part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . . *The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.*

*Id.* (emphasis added). The narrow question presented by this case is whether the sections quoted above authorize the Court to make an award of attorney's fees to an ADEA plaintiff for services performed at the administrative level when the underlying claim was settled without resort to the district court.

As a threshold matter, it should be noted that claims of age discrimination in federal employment, including those by employees "in those units in the government of the District of Columbia having positions in the competitive service" are governed by 29 U.S.C. § 633a. That section provides in pertinent part:

> (c) Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.

Subsection (f) added by § 5(e) of the Age Discrimination in Employment Amendments of 1978, Pub.L. 95–256, 92 Stat. 191, states that:

> Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter other than the provisions of section 631(b) of this title.

29 U.S.C. § 633a(f).[7] A literal interpretation of this language would require that the present dispute be resolved exclusively by reference to § 633a which makes no mention of any award of attorney's fees to a successful litigant either at the administrative level or in the district court. The question of whether that section precludes an award of fees in this case (or for that matter in any ADEA case against a federal employer) has not been addressed by either party. To hold that § 633a(f) has that effect, however, would prove far more than is strictly necessary for the disposition of this case. *See Edmondson v. Simon,* 87 F.R.D. 487, 489 n.1 (N.D.Ill.1980).[8] *But see*

---

**7.** Subsection (a), 29 U.S.C. § 633a(a), provides in pertinent part:

> All personnel actions affecting employees or applicants for employment . . . in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units in the government of the District of Columbia having positions in the competitive service and in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on age.

*Id.* It is interesting to note that neither party cited 29 U.S.C. § 633a in their moving papers though both admitted at oral argument that

plaintiff was an employee covered by that section.

**8.** The precise question in *Edmondson* was whether a federal employee was entitled to a jury trial in a case alleging age discrimination. The court briefly addressed the possible effect of § 633a(f) but did not rest its decision on that basis. The court stated:

> Under the literal reading of that subsection, the jury trial section of the Act (29 U.S.C. § 626(c)(2)) would be one of the provisions specifically made inapplicable to claims of federal governmental age discrimination. Perhaps because that argument could prove too much (possibly leading as well to depriving federal employees of the benefit of the attorneys' fees or liquidated damages provisions of the Act), the government does not seek to rely on § 633a(f) in this case.

87 F.R.D. at 489 n.1. Likewise, the Court does not rest its decision in the present case on that

*DeFries v. Haarhues*, 488 F.Supp. 1037, 1045 (C.D.Ill.1980).[9]

For purposes of the present motion, the Court assumes that federal employees in actions under 29 U.S.C. § 633a enjoy the same right to an award of attorney's fees as employees in the private sector in actions under 29 U.S.C. § 626 as provided by 29 U.S.C. § 216(b). The question remains whether those sections authorize an award of attorney's fees for services performed at the administrative level.

This appears to be a case of first impression. Plaintiff places principal reliance on cases decided under the attorney's fees provision at § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). That section provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

*Id.*[10] Plaintiff argues that since Title VII principles in other areas have been applied by analogy in ADEA cases, the analogy should be extended to govern the availability of attorney's fees for services performed at the administrative level. Plaintiff indicates that Title VII precedents have been applied to determining the elements of a plaintiff's *prima facie* case of age discrimination under the ADEA, *see, e. g., Price v.*

*Maryland Casualty Co.*, 561 F.2d 609, 612 (5th Cir. 1977); *Braswell v. Kobelinski*, 428 F.Supp. 324, 328 (D.D.C.1976); *Jones v. Cleland*, 466 F.Supp. 34, 37 (N.D.Ala.1978), and to determining the amount of attorney's fees ultimately awarded to a successful ADEA litigant. *See, e. g., Cleverly v. Western Electric Co.*, 594 F.2d 638, 642 (8th Cir. 1979). Plaintiff urges that by the same token the rule entitling a successful Title VII plaintiff to fees incurred at the administrative level generally adhered to in this circuit, *see, e. g., Parker v. Califano*, 561 F.2d 320, 333 (D.C.Cir.1977); *Smith v. Califano*, 446 F.Supp. 530, 533 (D.D.C.1978), and recently approved by the Supreme Court, *Carey v. New York Gaslight Club*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), should also be applicable in this ADEA action.

Reasoning by analogy is often instructive but remains persuasive only as long as similar considerations are germane to the respective inquiries. Thus, where the question is one of the plaintiff's burden of proof, analogy between Title VII and ADEA cases is manifestly appropriate since in each the crucial inquiry is whether the actions in question were prompted not by individual merit but by some impermissible motive. Likewise, the rate at which a successful litigant is compensated for attorney's fees presents an appropriate occasion for analogy since in both Title VII and ADEA cases the question is the reasonable value of the services performed. A review of the Su-

---

argument which has not been raised by the defendant.

**9.** In *DeFries*, the specific issue before the Court was the availability of attorney's fees for a federal employee in a district court action alleging age discrimination. The court there rejected the argument that such an award was precluded by § 633a(f) in the following passage:

> Similarly, counsel for the defendant argues that § 633a(f) precludes any award of attorneys fees and costs against the United States Postal Service. The successful plaintiff in an action under the ADEA is generally entitled to recover reasonable attorneys fees and expenses. . . .
> . . . .
> Therefore, as discussed above, Congress and the courts have already determined that

an award of reasonable attorneys fees and costs "effectuates the purposes" of the ADEA. 29 U.S.C. § 633a(c).

488 F.Supp. at 1044.

Although the precise issue before the Court in *DeFries* is not presented by this case, the rationale that the general direction of § 633a(c) for courts to fashion relief to "effectuate the purposes" of the Act may be taken by the courts as a legislative invitation to award attorney's fees appears to this Court as inconsistent with the spirit, if not the letter, of the *Alyeska Pipeline* case.

**10.** It should perhaps be noted in relation to the preceding discussion of § 633a(f) that the provision quoted above specifically addresses an award of fees against the federal government.

preme Court's rationale in *Carey v. New York Gaslight Club*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723, principally relied upon by plaintiff, illustrates, however, the evident inappropriateness of reaching the same result in this case. To the contrary, an examination of the same factors which led to the conclusion that Title VII authorizes an award of fees for attorney's services at the administrative level counsels the opposite conclusion as to the ADEA.

Resolution of the question whether Congress intended to authorize an award of attorney's fees must logically begin, as it did in the *New York Gaslight* case, with an examination of the language of the relevant statute. In *New York Gaslight*, Justice Blackmun writing for the Court reached the following conclusion:

> The words of § 706(k) [42 U.S.C. § 2000e–5(k)] leave little doubt that fee awards are authorized for legal work done in "proceedings" other than court actions. Congress' use of the broadly inclusive disjunctive phrase "action or proceeding" indicates an intent to subject the losing party to an award of attorney's fees and costs that includes expenses for administrative proceedings.

100 S.Ct. at 2029. The language of 29 U.S.C. § 216(b) relied upon by plaintiff refers only to an "action." Further suggesting the restrictive approach evidenced therein is the mandate that such an award is to be "in addition to any judgment awarded to the plaintiff or plaintiffs." The use of the words "judgment" and "plaintiff" clearly contemplates a court action rather than an administrative proceeding.

The language of 29 U.S.C. § 216(b) is semantically closer akin to the language of the attorney's fees provision in Title II of the Civil Rights Act, 42 U.S.C. § 2000a–3(b). This comparison is of more than passing concern since, as Justice Blackmun went on to note in the *New York Gaslight* case:

> This conclusion is supported by a comparison of § 706(k) with another fee provision in the same Act, namely, § 204(b) of Title II, 78 Stat. 244, 42 U.S.C. § 2000a–3(b). The pertinent language of § 204(b) is identical to that of § 706(k) except that § 204(b) permits an award only with respect to "any action commenced pursuant to this title." . . . The omission of the words "or proceeding" from § 204(b) is understandable, since enforcement of Title II depends solely on court actions.

100 S.Ct. at 2029.

While this simple comparison of the language of 29 U.S.C. § 216(b) and 42 U.S.C. § 2000e–5(k) may appear overly formalistic, a comparison of the remedial schemes contemplated by the two statutes lends further support to the conclusion that Congress did not contemplate an award of attorney's fees for services performed at the administrative level in ADEA cases. Neither the FLSA of which § 216(b) is a part nor the ADEA to which it is applied by reference, 29 U.S.C. § 626(b), requires an employee seeking redress to exhaust any administrative remedies prior to instituting a civil action in federal court. The only administrative prerequisite to the filing of a civil action under the ADEA is the requirement of 29 U.S.C. § 626(d) that:

> No civil action may be commenced by any individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary . . . .

*Id.* For a federal employee, the applicable provision, 29 U.S.C. § 633a(d), provides in pertinent part:

> [N]o civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action.

*Id.* While 29 U.S.C. § 633a(b) provides for the enforcement of that section through administrative procedures, pursuit of a remedy through those channels is optional and not a mandatory prerequisite to the filing of a civil action. Thus, the only necessary administrative step in the bringing of an ADEA action is the statutory requirement that the would-be plaintiff give notice to the appropriate federal official of the intention to sue. This requirement does not

place such an onerous obstacle in the path of an ADEA litigant to raise the same concerns which to a large extent influenced the conclusion of the Supreme Court in the *New York Gaslight* case.

In the *New York Gaslight* case, the fees in question were incurred in furtherance of state administrative proceedings to which the plaintiff was required to resort prior to the filing of a Title VII complaint in federal court. *See* 42 U.S.C. § 2000e–5(c). The Court stressed the adversarial nature of these proceedings and the fact that representation by competent counsel, if not a necessity, is certainly very helpful in preserving a would-be plaintiff's rights throughout that aspect of the case. 100 S.Ct. at 2033–34. Similar factors animated the same concerns in *Parker v. Califano*, prompting the court of appeals to reach the same result with respect to attorney's fees for federal employees in Title VII actions. 561 F.2d at 329; *see also Smith v. Califano*, 446 F.Supp. at 534. These concerns are not applicable, however, where the first adversarial step in which a party is required to present his case is the filing of a complaint in the district court. The requirement that the party give notice is one easily satisfied by a layman or, if counsel has been retained, inexpensively accomplished.

By way of brief summary, the Court upon a review of the language of 29 U.S.C. § 216(b) has concluded that it does not authorize an award of fees to a successful ADEA litigant for services performed at the administrative level. It appears that Congress did not contemplate such an award because, in ADEA actions, unlike Title VII actions, administrative proceedings are not a pervasive and integral part of the overall scheme of enforcement. *See Parker v. Califano*, 561 F.2d at 329.

Plaintiff finally argues that, in any event, a holding that such fees are not available to a successful ADEA litigant will deter claimants from voluntarily pursuing administrative settlement of their claims. Assuming this to be true,[11] in light of the foregoing discussion the Court can only construe plaintiff's argument as a request for this Court to remedy what plaintiff sees as a Congressional oversight. As such, this request predictably returns this discussion to the point where it began. For the Court to remedy what plaintiff perceives as Congress' omission would clearly run afoul of the Supreme Court's admonition in the *Alyeska Pipeline* case. As stated there:

> We do not purport to assess the merits or demerits of the "American Rule" with respect to the allowance of attorneys' fees. It has been criticized in recent years, and courts have been urged to find exceptions to it. It is also apparent from our national experience that the encouragement of private action to implement public policy has been viewed as desirable in a variety of circumstances. But the rule followed in our courts with respect to attorneys' fees has survived. It is deeply rooted in our history and in congressional policy; and it is not for us to invade the legislature's province by redistributing litigation costs in the manner suggested by respondents and followed by the Court of Appeals.

421 U.S. at 270–271, 95 S.Ct. at 1628 (footnotes omitted).

For the foregoing reasons, the Court has determined that attorney's fees are not available to the plaintiff in this action. Since attorney's fees are all that plaintiff is requesting and are all that plaintiff could request, her underlying claim having been already remedied, it is apparent that plaintiff cannot prevail in this action under any

11. While for purposes of this discussion the Court assumes the validity of plaintiff's hypothesis, it appears to be based in large part on the question begging assumption that an ADEA claimant who settles his claim at the administrative level without attorney's fees is settling for less than that to which he is entitled. To the extent that this decision answers the question, the hypothesis is not valid. There is, however, no real need to address the issue at length. While the Court has no quarrel with the proposition that broad remedial legislation is to be construed in a manner that will best effectuate its purpose, the Court is not permitted to usurp the legislative prerogative to provide for attorney's fees to a successful litigant when the legislature has failed to exercise it even if inadvertently.

circumstances. While defendants have not made a motion for summary judgment, both parties have addressed the controlling legal issue of whether the ADEA entitles a successful claimant to attorney's fees for services performed at the administrative level. Although the parties disagree as to whether plaintiff was in fact the victim of discrimination on the basis of her age, all of the facts necessary for the disposition of this case are clearly beyond dispute. No further refinement of the factual record or legal arguments could serve to alter the Court's conclusion that plaintiff is not entitled to prevail on this complaint. Thus, this is a case where no useful purpose would be served by delaying the entry of summary judgment for defendant. No material facts genuinely remain in dispute and the controlling legal question has been resolved in favor of defendant. Accordingly, the Court *sua sponte* enters summary judgment for defendant. *See* 6 Moore's Federal Practice ¶ 56.12 (cases cited at n.6).

### III. *CONCLUSION.*

The Court holds that the ADEA does not entitle a successful claimant to attorney's fees for services performed at the administrative level. This is particularly true where, as here, full relief for the underlying claim of discrimination has been afforded at the administrative level and without the need for judicial intervention. Since this resolution of the controlling question of law mandates judgment for the defendant on the undisputed facts of this case, the Court grants summary judgment for defendant.