**AMERICAN THERAPEUTICS, INC., Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Department of Health and Human Services; Frank E. Young, Commissioner of Foods and Drugs; U.S. Food and Drug Administration, Defendants.**

Civ. A. No. 89–2343.

United States District Court, District of Columbia.

Feb. 28, 1990.

David F. Weeda, Arthur Y. Tsien, Washington, D.C. (Paul S. Aufrichtig, Peter D. Aufrichtig, New York City, of counsel), for plaintiff.

Gerald C. Kell, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

American Therapeutics, Inc. ("ATI"), a manufacturer of generic drugs, sues the Food and Drug Administration ("FDA") alleging that FDA has by *ultra vires* action illegally rescinded its approval of ATI's right to make and sell a new drug. ATI has moved for judgment on the pleadings. FDA opposes, defending its authority to rescind. Agreeing with ATI that essential facts are not in dispute, FDA requests that the action be dismissed.[1]

On June 23, 1989, the FDA by letter approved ATI's application to make and sell chlorzoxazone tablets, 500 mg, pursuant to FDA's abbreviated new drug application (ANDA) procedure. FDA voided this approval by letter, without a hearing, on August 3, 1989, on the ground that approval had issued through an inadvertent mistake. It is undisputed that the approving official had not been aware of facts developed by an FDA investigation of ATI completed on June 23, 1989, the very day he issued approval. These facts indicated that ATI could not satisfy the approval requirements of 21 U.S.C. § 355(j)(3). The August 3 rescission letter stated that the agency "would make a fair and final determination" with respect to the ANDA and noted that, in the event the agency ultimately denied the ANDA, ATI had the right to a subsequent hearing. ATI declined that course in favor of filing the present action.

Jurisdiction to review orders of the FDA is exclusively vested in the United States Court of Appeals. 21 U.S.C. § 355(h). The Secretary of Health and Human Services himself is authorized to withdraw approval without hearing where there appears to be

---

1. *See Kennedy v. Whitehurst,* 509 F.Supp. 226, 232 (D.D.C.1981), *aff'd,* 690 F.2d 951 (D.C.Cir. 1982) (granting summary judgment *sua sponte* to non-moving party).

an "imminent hazard to the public health," but in such cases the manufacturer is entitled to an expedited post-withdrawal hearing. 21 U.S.C. § 355(e). Otherwise, the Secretary has delegated authority to the FDA to withdraw approval after hearing, a circumstance often caused by receipt of new information. 21 U.S.C. § 355(e); 21 C.F.R. § 5.10(a)(1), 5.82. If FDA refuses approval from the outset, the applicant is also entitled to a prompt hearing. 21 U.S.C. § 355(j)(4)(C). Thus the statutory pattern implemented by regulations contemplates development of an administrative record resulting in an order to be reviewed directly by the Court of Appeals.

There is no regulation or statutory provision that contemplates rescission of an approval issued by mistake. ATI contends that the FDA acted contrary to "an express mandate of the statute" and "invokes the *ultra vires*-type of exception" recognized in *Leedom v. Kyne*, 358 U.S. 184, 188–89, 79 S.Ct. 180, 183–84, 3 L.Ed.2d 210 (1958), to justify its disregard of the otherwise exclusive jurisdiction of the Court of Appeals.

Whether the action of FDA is so clearly *ultra vires* as to justify United States District Court intervention is, however, far from apparent. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), which presented an imminent threat of criminal prosecution based on an *ultra vires* action, is not directly on point. Here, an agency almost immediately discovers its own error in awarding approval of a drug which the statute directed should not be awarded based on facts available at the time. Yet ATI pictures itself, quite incorrectly, as having been deprived of a vested right. It had no right to put on the market a drug when facts were available indicating that the public health might be injured. Even assuming *arguendo* that a right had vested, ATI was not deprived of a factual hearing to prove its qualifications to make and sell the drug, and, given the circumstances, the post-denial hearing offered easily met due process requirements. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). In reality, ATI seeks only to profit from FDA's inadvertent and quickly corrected mistake, ignoring entirely FDA's responsibility to safeguard the public.

FDA is entitled to some deference when its actions are examined. This was a good faith mistake promptly discovered and corrected, nothing more. There is authority that suggests an agency must be given some leeway to remedy mistakes. *See Gun South, Inc. v. Brady*, 877 F.2d 858 (11th Cir.1989), and cases cited therein; *Boesche v. Udall*, 373 U.S. 472, 476–78, 83 S.Ct. 1373, 1375–77, 10 L.Ed.2d 491 (1963). No precedent from this circuit has been cited that indicates a contrary approach. It is not the function of a district court under these circumstances to intervene where an unresolved issue of statutory interpretation and administrative law within the exclusive jurisdiction of the Court of Appeals is presented.

Plaintiff's motion for judgment on the pleadings will be denied and the complaint dismissed.