**Robert VALARIS, Plaintiff,**

v.

**ARMY & AIR FORCE EXCHANGE SERVICE, Defendant.**

**No. C–83–1267–MHP.**

United States District Court,
N.D. California.

Nov. 7, 1983.

---

Stewart Weinberg, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for plaintiff.

Michael J. Tonsing, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## OPINION

PATEL, District Judge.

This case is before the court on cross-motions for summary judgment. Plaintiff, Robert Valaris, challenges the terms of the group insurance plan under which employees of defendant, the Army and Air Force Exchange Service ("AAFES"), receive retirement and disability benefits. Plaintiff contends that provisions of the AAFES plan which reduce benefits on the basis of age violate § 15(a) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a(a). In his motion for summary judgment, plaintiff seeks to enjoin defendant from further implementing the terms of the plan which deny long-term disability coverage to employees who reach the age of 62. Defendant has cross-moved for summary judgment on the ground that employee benefit plans do not come within the ambit of § 633a(a), which extends the ADEA's prohibition of discrimination on the basis of age to federal employers. This court holds that the AAFES group retirement and insurance plan comes within the ambit of § 633a(a), and that the age-based provisions of the plan constitute a prohibited "personnel practice" under § 633a(a). Thus, plaintiff's motion for summary judgment is granted.

## I. BACKGROUND

The AAFES, defendant herein, is a nonappropriated fund instrumentality of the United States. The AAFES provides merchandise and services to authorized patrons, chiefly military personnel, at Army and Air Force installations. The AAFES offers its employees disability and retirement benefits pursuant to the terms of its "Integrated Retirement and Insurance Plans" ("the plan"). The salient features of the plan are set out briefly here.

First, participation in the plan is voluntary and the costs of the plan are shared by the AAFES and its employees. The plan includes life insurance, medical expense benefits, dental expense benefits, long-term disability ("LTD") benefits and short-term disability ("STD") benefits. Since the addition of LTD benefits to the plan in 1959, LTD benefits have been discontinued when an employee reaches the age of 62. This is in compliance with the plan's terms.

An AAFES employee is also entitled to disability and retirement benefits under the Social Security System, which is integrated into the AAFES retirement plan. The AAFES employee who continues to work beyond the age of 62 receives fewer benefits than an under-62 employee with the same number of years of service. An employee with 5 years of service who works beyond age 62 and is disabled is covered by all the benefits of the group insurance plan except the LTD coverage. He or she would be entitled to use accumulated sick leave, any annual leave, and STD coverage (6-month benefits). Having exhausted these benefits, the over-62 employee cannot avail himself or herself of the "disability" retirement features of the AAFES retirement plan available to the younger employee. It is this reduction in benefits to the over-62 employee that plaintiff alleges violates the ADEA.

Plaintiff is currently employed with the AAFES and has been so employed since 1969. Upon reaching the age of 62 on April 11, 1979, his LTD coverage ceased pursuant to the provisions of the AAFES Group Insurance Plan. Plaintiff contacted an EEO counselor regarding the loss of his coverage and when the problem remained unresolved plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). A formal hearing on the complaint was conducted on March 17, 1981.

The Complaints Examiner issued his recommendation on October 27, 1981. The Examiner found that the termination of plaintiff's LTD benefits at age 62 was an

act of discrimination against plaintiff because of his age. In making this determination, the Examiner applied to the AAFES plan the private sector provisions of the ADEA and regulations promulgated thereunder. 29 U.S.C. § 623(f)(2); 29 C.F.R. § 860.120.

On November 25, 1981, the AAFES issued its final decision rejecting the Complaints Examiner's recommended decision and finding plaintiff was not discriminated against by the terms of the AAFES retirement plan. Plaintiff appealed this final decision to the EEOC and the EEOC issued an affirmance of the AAFES on December 7, 1982.

Plaintiff, having exhausted his administrative remedies, has filed a lawsuit in this court under the ADEA. He seeks an injunction to compel respondent to revise its Group Insurance Program to eliminate the cancellation of LTD coverage to employees upon reaching the age of 62.

## II. SECTION 623(f) IS INAPPLICABLE TO ACTIONS OF FEDERAL EMPLOYERS

In 1974, Congress amended the ADEA to extend its coverage to discriminatory practices in federal employment. The section of the ADEA which provides the exclusive remedy for age discrimination in federal employment is § 15(a), which proscribes age discrimination in federal personnel actions:

All personnel actions affecting employees or applicants for employment who are at least 40 years of age ... (including employees and applicants for employment who are paid from nonappropriated funds) ... shall be made free from any discrimination based on age.

29 U.S.C. § 633a(a).

In 1978, Congress amended the federal sector provision of the ADEA to include the following subsection:

Any personnel action of any department, agency or other entity referred to in subsection (a) of this section *shall not* be subject to or affected by any provision of this Act, *other than* the provisions of

section 631(b) of this title [minimum age requirement] and the provisions of this section.

29 U.S.C. § 633a(f) (emphasis added).

Despite the clear language of subsection (f), plaintiff argues that the age-based provisions of the AAFES plan should be analyzed under a separate provision of the ADEA, which is applicable only to private sector and local and state government employers. *See* 29 U.S.C. § 623(f)(2). This provision prohibits age discrimination by private sector, and local and state government employers, but provides an exception for "bona fide employee benefit plans":

It shall not be unlawful for an employer

. . .

(2) to observe the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension or insurance plan, which is not a subterfuge to evade the purposes of this chapter, except that no such employee benefit plan shall excuse the failure to hire any individual, *and no such seniority system or benefit plan shall require or permit the involuntary retirement of any individual specified by section 631(a) of this title because of the age of such individual* . . . .

29 U.S.C. § 623(f)(2) (emphasis added).

Plaintiff relies on the above provision in arguing that defendant's retirement plan violates the ADEA, as the plan's age-based terms permit involuntary retirement. Plaintiff specifically points to regulations promulgated under § 623(f)(2), 29 C.F.R. § 860.120(f)(iii) (now 29 C.F.R. § 1625.10), which prohibit a cut-off of long-term disability benefits for private employees under the age of 70. On the other hand, defendant asserts that, as a federal employer, it is not subject to the provisions of § 623, which are inapplicable to federal employers by virtue of § 633a(f). Defendant further contends that, because the AAFES plan does not come within the purview of § 623(f)(2), plaintiff essentially has no claim under the ADEA and defendant is

thereby entitled to summary judgment. Defendant's analysis of the ADEA's applicability to federal employers is only partially accurate, however.

It is clear from the language of the 1978 amendment, 29 U.S.C. § 633a(f), that the federal government is not subject to other provisions of the ADEA which are applicable to the private sector, such as 29 U.S.C. § 623(f). Prior to 1978, private sector provisions of the ADEA, including § 623(f), had been applied by federal courts to acts of government agencies. *E.g., Mason v. Lister*, 562 F.2d 343 (5th Cir.1977) (federal employer's retirement scheme exempted under § 623(f)); *Bradley v. Kissinger*, 418 F.Supp. 64 (D.D.C.1976) (federal employer's annuity system analyzed under § 623(f)).

After the addition of subsection (f) in 1978, however, ADEA provisions outside of § 633a [with the exception of § 631(b)] were no longer applicable to actions of federal government employers. Furthermore, courts interpreting § 633a(f) have held that federal employees are not subject to private sector provisions of the ADEA, which set forth a statutory scheme distinct from the remedial scheme of the federal ADEA statute. In *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), the Supreme Court found that federal employees suing under the ADEA do not have the right to a jury trial under § 633a, even though private employees suing under the Act are specifically guaranteed such a right under 29 U.S.C. § 626(c). The Court pointed out that Congress, in enacting § 633a, "deliberately prescribed a distinct statutory scheme applicable only to the federal sector." *Id.* at 166–67, 101 S.Ct. at 2704. Furthermore, the Court found that the new subsection (f) "clearly emphasized that § 15 [§ 633a] was self-contained and unaffected by other sections." *Id.; see also Kennedy v. Whitehurst*, 690 F.2d 951, 955–56 (D.C.Cir.1982) (addition of § 633a provides separate private and federal enforcement schemes); *Gillespie v. Helms*, 559 F.Supp. 40, 41 (W.D.Mo.1983) (plaintiff cannot name private individual as

defendant under § 633a, which *completely separates* protection of federal employees from that of private employees); *Muth v. Marsh*, 525 F.Supp. 604, 607–08 (D.D.C. 1981) (attorneys' fees not awarded under § 633a, which has remedial scheme separate from private sector provisions).

■ Plaintiff relies on the Complaints Examiner's analysis below to argue that, despite the clear language of § 633a(f), legislative history shows that the private sector provision on bona fide retirement plans, § 623(f), is applicable to federal government employers. Plaintiff's argument is unconvincing. The Complaints Examiner's strained reading of legislative history does little to support plaintiff's argument because (1) the language of subsection (f) is clear on its face, and (2) even were it necessary to consult legislative history, there is much support in the history of the 1978 amendments for the conclusion under § 633a(f), that federal employers are not subject to private sector ADEA provisions. "Section 15 [§ 633a] of the Act, which prohibits employment discrimination on account of age in federal government employment is complete in and of itself. Restrictions and limitations in other parts of the Act ... do not apply to section 15." H.R.Rep. No. 627, Part 1, 95th Cong., 1st Sess. 11 (1976).

Although defendant has successfully argued that as a federal employer it is not subject to § 623(f) of the ADEA, defendant is far from proving its contention that plaintiff's claim must fail. Defendant has confused the issue by arguing that the AAFES plan is not "subject to the prohibitions of 29 U.S.C. § 623." In fact, § 623(f)(2) is worded not as a *prohibition*, but as an *exception* for bona fide employee benefit plans to the ADEA's general prohibition of age discrimination in the private sector. The provision regulating federal employers and thus relevant to the AAFES plan, § 633a, does not carve out a similar exception for bona fide benefit plans for federal employees.[1] Thus, it may be in-

---

1. Section 633a does include a bona fide occupa-

tional qualification exception ("BFOQ") similar

ferred that the ADEA provisions prohibiting discriminatory practices in federal employment are actually broader than the private sector provisions. Significantly, defendant has failed to argue that the AAFES plan does not violate the ADEA provision pertinent here, § 633a(a), which provides that personnel actions of federal employers "shall be made free from discrimination based on age."

## III. AGE–BASED BENEFIT PLANS FOR FEDERAL EMPLOYEES ARE PROHIBITED BY SECTION 633a(a)

Neither party disputes that the terms of the AAFES plan are discriminatory in that they provide greater disability benefits to employees under the age of 62 than to over-62 employees. Furthermore, defendant has failed to provide any cogent argument that the age-based terms of a retirement and insurance fund should not be considered a prohibited "personnel action" within the meaning of § 633a(a). As there is no case authority squarely on point,[2] and the statute itself does not contain a definition of "personnel action," this court is essentially writing on a clean slate in determining whether or not an age-based employee retirement and insurance plan comes within the ambit of § 633a.

■ A review of the legislative history behind the 1974 amendments to the ADEA indicates that, in enacting § 633a, Congress intended to extend the same protection against age discrimination to federal employees as previously given under the Act to private sector employees. Congress' intention of bringing federal employees within the broad remedial coverage of the Act's private sector provisions is evidenced by the statement accompanying the 1974 amendments in the House Report:

> The bill amends the Age Discrimination in Employment Act of 1967 to include within the scope of its coverage Federal, State, and local government employees
> . . . .
> The ADEA prohibits discrimination in employment on the basis of age in matters of hiring, job retention, compensation, and other terms, conditions or privileges of employment . . . .
> The committee expects that expanded coverage under the Age Discrimination in Employment law will remove discriminatory barriers against employment of older workers in government jobs at the Federal and local government levels as it has and continues to do in private employment.

U.S.Code Cong. & Ad.News 2849–50 (93d Cong., 2d Sess.1974).

■ It is reasonable to conclude on the basis of the above language that, in extending ADEA coverage to federal employees, Congress intended the scope of protection against discriminatory employment prac-

---

to that contained in the private sector ADEA provisions, § 623(f)(1). The federal provision empowers the Civil Service Commission to establish "a maximum age requirement on the basis of a determination that age is a bona fide occupational qualification necessary to the performance of the duties of the position." 29 U.S.C. § 633a(b). The corresponding private sector provision indicates that a BFOQ may simply be set forth as a defense to a claim under the ADEA. 29 U.S.C. § 623(f)(1). This is another indication that Congress' intention in enacting § 633a was to set up a distinct remedial scheme for complaints brought against federal employers.

**2.** The age-based provisions of a disability annuity system of the Office of Personnel Management ("OPM") were found to be violative of § 633a(a) in *Moysey v. Andrus*, 481 F.Supp. 850 (D.D.C.1979). In *Moysey* partial summary judgment was granted to plaintiff, a 67-year old re-employed annuitant, who challenged an annuity system that classified re-employed disability annuitants in two basic groups, those under age 60 and those over age 60. Under OPM's system, over-60 employees had their benefits computed less favorably upon returning to work than under-60 returnees. *Id.* at 857. The court found this classification of annuitants on the basis of age discriminatory under the ADEA and granted class certification on behalf of all over-60 annuitants returning to work at OPM.

While the determination that an annuity system comes within the scope of § 633a(a) is not dispositive of the instant case, it does provide persuasive authority that § 633a was enacted to extend the broad remedial coverage of the ADEA to all areas of personnel action, including the administration of employee retirement and insurance plans.

tices to be as broad in the area of federal employment as such protection is in the private sector. Accordingly, the ADEA, which clearly covers age-based retirement plans in its provisions on prohibited private sector employment practices, should be read to prohibit such discriminatory practices in federal employment. Furthermore, there is nothing in the legislative history of the 1978 amendments to the ADEA to indicate that Congress, in adding subsection (f) to § 633a, intended to modify in any way the broad coverage of the Act, which was intended to impose the same obligations on federal employers as are imposed on private employers under the Act. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977).

## CONCLUSION

■ Admittedly, the private sector provisions of the ADEA, except as specifically provided, are not to be applied to actions of federal employers. Section 633a(f) prescribes distinct statutory schemes for the application of the ADEA's prohibition of discriminatory employment practices in the private sector and in the federal government. Thus, it is inappropriate, in considering a challenge to the AAFES retirement and insurance plan, to analyze the plan under the terms of § 623(f), which exempts certain retirement plans in the private sector from the ADEA's prohibitions.

■ The legislative history behind the ADEA amendments of 1974 and 1978 indicates that Congress intended the broad remedial legislation of the Act's original private sector provisions to be extended to protect federal employees from age discrimination in all areas of personnel action. This court holds that it is proper to consider age-based employee benefit plans as coming within the definition of "personnel action" in 29 U.S.C. § 633a(a). In the instant case, the challenged provisions of the AAFES plan, which provide that an employee upon reaching the age of 62 will receive fewer disability benefits under the plan than an under-62 employee with the same number of years of service, violate the ADEA. 29 U.S.C. § 633a(a). Defend-

ant concedes that if § 633a(a) applies to disability benefit plans this disposes of the matter and no genuine issues of material fact remain to be resolved. Therefore,

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that defendant's cross-motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that plaintiff shall submit proposed forms of order and judgment granting relief appropriate to and in accordance with this order.