Jerry **WIERSEMA,** Plaintiff,

v.

**TENNESSEE VALLEY AUTHORITY and Equal Employment Opportunity Commission, Defendants.**

No. Civ. 3–85–1160.

United States District Court, E.D. Tennessee, N.D.

March 12, 1986.

* AFFIRMED BY UNPUBLISHED ORDER NO-   VEMBER 21, 1986.

J. Randolph Humble, Rainwater, Humble & Vowell, Knoxville, Tenn., for plaintiff.

Nancy Palmer, Asst. U.S. Atty., Patricia E. Shahen and James M. Lager, E.E.O.C., Washington, D.C., for E.E.O.C.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Thomas F. Fine, A. Jackson Woodall, Office of the Gen. Counsel, TVA, Knoxville, Tenn., for Tennessee Valley Authority.

## MEMORANDUM

JARVIS, District Judge.

This is an action under the Age Discrimination in Employment Act [ADEA], 29 U.S.C. § 621, *et seq.* Defendant Tennessee Valley Authority [TVA] moves for summary judgment [Doc. 8] and plaintiff has responded [Docs. 12, 14]. Plaintiff's motion for extension of time to respond is hereby DENIED AS MOOT. [Doc. 13].

TVA moves for summary judgment with attached affidavit on the basis that the action is not timely filed. Both plaintiff and defendant assume that the ADEA does not contain a statute of limitations for actions by federal employees. Section 633a(a) of the ADEA specifies which federal agencies are affected by ADEA requirements:

> All personnel actions affecting employees or applicants for employment who are at least 40 years of age (except personnel actions with regard to aliens employed outside the limits of the United States) in military departments as defined in § 102 of Title 5, in executive agencies as defined in § 105 of Title 5 (including employees and applicants for employment who are paid from non-appropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units in the government of the District of Columbia having provisions in the competitive service, and in those units of the legislative and judicial branches of the federal government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on age.

29 U.S.C. § 633a(a). Section 633a restricts the applicability of statutory provisions to personnel actions of federal departments:

> Any personnel action of any department, agency, or other entity referred to in sub-section (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of § 631(b) of this Title and the provisions of this section.

29 U.S.C. § 633a(f). The statute of limitations for ADEA actions by nongovernmental employees is found in 29 U.S.C. § 626(e). Plaintiff and defendant appear to interpret § 633a(f) as excluding the application of § 626 to actions by federal employees. Because § 633a does not provide an alternative statute of limitations, actions by federal employees in the designated federal agencies under § 633a(a) are not subject to a Congressionally articulated statute of limitations.[1]

---

1. Section 633a provides for mandatory notice requirements to the Equal Employment Opportunity Commission [EEOC] before suit can commence. 29 U.S.C. § 633a(d). On the record before this Court, plaintiff apparently complied with the notice requirements but simply failed

The parties cite no case law in support of the position that § 633a(f) was meant by Congress to exclude the statute of limitations applicable to ADEA actions by nonfederal employees as stated in § 626(e). Although a literal reading of § 633a(f) would have this effect, the legislative history makes clear that Congress intended § 633a to distinguish federal and nonfederal employee actions under ADEA by patterning federal employee actions on Title VII. *Lehman v. Nakshian,* 453 U.S. 156, 166, n. 15, 101 S.Ct. 2698, 2705, n. 15, 69 L.Ed.2d 548 (1981) (citing 118 Cong.Rec. 24397 (1972)). Nonfederal employee actions under the ADEA are patterned on the Fair Labor Standards Act. *Id.* at 163, 101 S.Ct. at 2702. Congress intended § 633a to exclude federal employees from the enforcement scheme of the Fair Labor Standards Act which applies to nonfederal ADEA claims. *Gillispie v. Helms,* 559 F.Supp. 40, 41 (W.D.Mo.1983).[2]

■ However, in extending the ADEA coverage to federal employees, Congress intended that the scope of protection against discriminatory employment practices be as broad in the area of federal employment as such protection is in the private sector. *Valaris v. Army & Air Force Exchange Service,* 577 F.Supp. 282, 287–88 (N.D.Ca.1983) (ADEA covers age-based retirement plans in federal employment).

Under the ADEA, complainant may resort to a civil suit 30 days after filing notice of an intent to sue with the Civil Service Commission. While the Title VII alternative seeks to afford the administrative procedure the first chance to resolve the dispute and the ADEA alternative merely affords the administrative procedure an opportunity at informal conciliation, it is significant that both alternatives blend judicial review into an administrative framework and both re-

quire prior notification of an administrative agency before resorting to court. *Christie v. Marston,* 451 F.Supp. 1142, 1146 (N.D.Ill.1978) (Congressional intent was to create an exclusive remedy for age discrimination in federal employment.). There is no legislative history or case law to suggest that the congressional purpose in so structuring federal ADEA actions was to allow federal employees either a longer or a shorter statute of limitations period than the two-year and three-year periods applicable to nonfederal employees under 29 U.S.C. § 626(e). This Court is of the opinion that despite the literal wording of § 633a(f), the two-year and three-year statutes of limitations under § 626(e) apply to ADEA actions by federal employees.

The instant suit was filed on November 29, 1985, more or less six years after plaintiff's cause of action accrued on November 28, 1979. The action was not timely filed under 29 U.S.C. § 626. Alternatively, the Court notes that 29 U.S.C. § 633a is patterned after federal civil rights actions under Title VII. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). The most closely analogous state statute would be the Tennessee one-year statute for civil rights violations. Tenn.Code Ann. § 28–3–104(a). Alternatively, plaintiff's action for a failure of TVA to consider her for an advanced position, might be construed as some sort of property interest to which the three-year Tennessee statute of limitations would apply. Tenn.Code Ann. § 28–3–105. If it is inconsistent with federal policy to have different statutes of limitations for federal employees in different states, this Court would apply the most clearly analogous federal limitation, *i.e.,* the ADEA limita-

to file a federal suit until approximately six years after her cause of action arose.

**2.** Under the ADEA, nonfederal employees may file civil suits only after (1) filing an EEOC charge and (2) filing with an available state

agency. 29 U.S.C. § 626(d); § 633(b). Federal employees may file civil suits after giving only notice to the EEOC. Federal employees need not file an EEOC charge or notify an available state agency.

tions period for nonfederal employees expressed in 29 U.S.C. § 626(e).

■ Plaintiff filed an action with the EEOC. The final decision of the EEOC stated, "If judicial review is desired, proceedings must be instituted in U.S. District Court within six years after the right of action first accrued." [Doc. 14, Exh. 3 at 3]. Defendant TVA maintains that it cannot be bound by an erroneous statement of the EEOC concerning the applicable statute of limitations. However, there appears to be a genuine issue of material fact whether TVA's failure to object to the EEOC statement constitutes a waiver or estoppel of TVA's right to rely on the statute of limitations. The cover letter by the EEOC on June 28, 1984 was apparently also sent to the TVA. [Doc. 14, Exh. 2]. There appears to be a genuine issue of material fact as to whether the instant suit was timely filed within the six-year statute of limitations.

Defendant TVA's motion for summary judgment [Doc. 8] is hereby DENIED. The first phase of this bifurcated trial will concern the estoppel, waiver, statute of limitations issues. Plaintiff's motion for extension of time [Doc. 11] is hereby DENIED AS MOOT.

Order accordingly.