**Edward Byrd MUTH, Plaintiff,**

v.

**John O. MARSH, Jr., Secretary of the Army, Defendant.**

**Civ. A. No. 81–0152.**

United States District Court, District of Columbia.

Oct. 23, 1981.

Lawrence Speiser, John P. Racin, Washington, D. C., for plaintiff.

Patricia J. Kenney, Asst. U. S. Atty., Washington, D. C., for defendant.

GESELL, District Judge.

## MEMORANDUM

This is an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (1976 & Supp. III 1979) (ADEA) against the Secretary of the Army. After prevailing in part at the administrative level[1] the plaintiff brought suit in this Court seeking additional relief. The defendant has moved to dismiss a portion of this case on the ground that a prevailing plaintiff in an ADEA suit against the Federal Government is not entitled to recover either liquidated damages or attorneys' fees for legal services performed in connection with administrative or judicial proceedings.

The plaintiff, who is 54 years old, was removed from his position as a supervisory audiologist in the Army Audiology and Speech Center at Walter Reed Medical Center and reduced in grade from GS–12 to GS–11. After the plaintiff filed a formal complaint and an investigation was held the Army concluded that plaintiff had been demoted because of age discrimination on the part of plaintiff's supervisor and ordered cancellation of his reduction in grade, awarded him back pay and directed that plaintiff's personnel records be corrected. The plaintiff also sought retroactive promotion to a GS–13 supervisory audiologist position created shortly after his demotion that plaintiff claims he would have assumed but for discrimination. The Army refused to award this relief and also rejected plaintiff's claims for liquidated damages or attorneys' fees. The plaintiff then requested a hearing before an EEOC complaints examiner to review his request for broader relief and his claims of retaliation[1] and continuing discrimination. The complaints examiner found that plaintiff was the victim of retaliation and recommended that the Army award attorneys' fees, but otherwise concurred with the relief which the Army had already awarded. In its final decision on January 10, 1979, the Army refused to accept the complaints examiner's finding of reprisal or his recommendation that plaintiff be awarded attorneys' fees. The plaintiff then appealed from the Army's final decision to the EEOC and after 180 days filed this action.

In this action plaintiff alleges that he was the victim of age discrimination and retaliation and seeks relief beyond what he has already received at the administrative level in the form of a retroactive promotion to GS–13, additional back pay, liquidated damages in an amount equal to the back pay which he has already received and which he seeks in this action, and an award of attorneys' fees for work performed at the administrative level and in connection with this judicial action. This motion to dismiss a portion of this case deals only with plaintiff's claim for liquidated damages and attorneys' fees.

The United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). In addition, the so-called American rule generally bars a prevailing litigant from collecting attorneys' fees unless fee-shifting is specifically authorized by statute. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Thus, where the loser is the Federal Government an award of attorneys' fees is barred both by the doctrine of sovereign immunity and the American rule. Accordingly, even a general waiver of sovereign immunity by Congress does not authorize an award of attorneys' fees unless Congress has clearly indicated that it should. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980);

---

1. The Court notes, without deciding the issue, that 29 U.S.C. § 633a (Supp. III 1979), the provision under which plaintiff brings suit, does not appear to create a cause of action for retaliation, unlike Title VII. *See* 42 U.S.C. § 2000e–3(a) (1976). The Court recognizes, however, that some acts of retaliation can sometimes also constitute discrimination.

*Fitzgerald v. United States Civil Service Commn.*, 554 F.2d 1186 (D.C.Cir.1977). Similarly, the doctrine of sovereign immunity bars an award of liquidated damages unless Congress has clearly indicated that liquidated damages may be recovered and their amount.

### Age Discrimination in Employment Act

·Plaintiff's first line of argument is that the ADEA contains a clear indication that the Federal Government has waived its general immunity from the payment of attorneys' fees and liquidated damages. The Court concludes that this argument is without merit.

The ADEA was enacted in 1967 to protect older workers from discrimination based on age. *See Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The protection of the Act was originally limited to private sector employees. In order to effectuate the purposes of the Act Congress incorporated the enforcement scheme of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (1976 & Supp. III 1979) (FLSA) into § 7 of the ADEA, thereby making available awards of attorneys' fees, costs and liquidated damages to successful ADEA litigants. 434 U.S. at 579, 98 S.Ct. at 869. The 1974 amendments to the ADEA amended section 15, bringing the Federal Government within the scope of the Act for the first time. P.L. 93–259, 88 Stat. 74 (1974). Section 15(c) provides:

> Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter. 29 U.S.C. § 633a(c) (1976).

Section 15 does not include the language contained in section 7 incorporating the FLSA remedial scheme. Moreover, in 1978, section 15 was amended by the addition of subsection (f), P.L. 95–256, 92 Stat. 191 (1978), which provides:

2. Section 631(b) states that the prohibitions established by § 633a shall apply to all federal

> Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.[2] 29 U.S.C. § 633a(f) (Supp. III 1979).

The question presented is whether, in light of these statutory provisions, section 15 can be read to authorize awards of attorneys' fees and liquidated damages.

The plaintiff does not argue that section 15 contains an explicit authorization of an award of attorneys' fees and liquidated damages. Nevertheless, he argues that the language authorizing a federal employee to sue "for such legal or equitable relief as will effectuate the purposes of this chapter" should be construed to permit an award of legal fees and liquidated damages, especially in view of the broad remedial purposes of the Act and the Act's express incorporation of the FLSA remedial scheme through section 7. The Court finds that plaintiff's argument is effectively rebutted by the decision of the Supreme Court in *Lehman v. Nakshian*, —— U.S. ——, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), holding that a federal employee does not have a right to trial by jury under the ADEA.

The Court noted in *Nakshian* that Congress had specifically authorized a jury trial in private employee ADEA cases under section 7. *Id.* at 2704. *See* 29 U.S.C. § 626(c)(2) (Supp. III 1979). Since Congress had "demonstrated that it knew how to provide a statutory right to a trial jury when it wished to do so," 101 S.Ct. at 2702, the Court concluded that Congress had declined an opportunity to extend a right to a trial by jury to federal employee plaintiffs by omitting similar language from section 15. Second, the plaintiff in *Nakshian* argued that section 15's directive that the courts award appropriate "legal relief" supported a right to trial by jury. The Court rejected this argument on the ground that

employees who are at least 40 years of age.

the Seventh Amendment has no application in actions at law against the United States and therefore Congress' use of the words "legal relief" does not imply a right to trial by jury. *Id.* at 2703. Finally, the Court read subsection (f) as a clear indication that section 15 is "self-contained and unaffected by other sections, including those governing procedures applicable to actions against private employers." *Id.* at 2705. Accordingly, the Court concluded that the right to a jury trial created by section 7 does not apply to federal employee actions under section 15. All of these reasons relied on by the Supreme Court are fully applicable in this case.

Just as section 7 expressly authorizes a jury trial in private ADEA cases, section 7 expressly incorporates the provisions of the FLSA authorizing awards of attorneys' fees and liquidated damages. If Congress had intended that the same type of relief should be available in federal employee ADEA cases it could easily have included the same language in section 15. Congress' failure to do so suggests that it intended that FLSA remedies would not be available in federal employee ADEA claims. Second, under the American rule and the doctrine of sovereign immunity attorneys' fees and liquidated damages are not traditionally available in an action at law against the United States. Accordingly, use of the term "legal relief" in section 15 cannot be construed as a clear indication that Congress intended that these types of remedies should be available to federal employee plaintiffs. Finally, and most important, the Court's construction of subsection (f) is a positive indication that Congress intended that the remedies authorized by section 7 should not be read into section 15.[3]

The plaintiff argues that since a plaintiff suing under Title VII may recover fees for legal services performed at the administrative level, a plaintiff in an ADEA suit should be allowed to recover fees on the same basis. The difficulty with this argument, as outlined in Judge Gasch's recent opinion in *Kennedy v. Whitehurst*, 509 F.Supp. 226 (D.D.C.1981), *appeal pending*, No. 81–1374 (April 2, 1981), is that the statutory provisions governing awards of fees in Title VII cases are entirely different from the language of the ADEA. 42 U.S.C. § 2000e–5(k) (1976) provides that a Court may award a "reasonable attorney's fee as part of the costs" in "any action *or proceeding*," and further states that "the United States shall be liable for costs the same as a private person." Whereas these words are a clear indication that Congress intended that fees would be awarded in Title VII cases against the government, the more general language of section 15 to award "such legal or equitable relief as will effectuate the purposes of this chapter" is not such a clear indication.[4]

Finally, plaintiff points out that a federal employee who prevails in an FLSA action is entitled to attorneys' fees and liquidated damages and argues that a federal employee who sues under the ADEA should be entitled to the same relief. In support of this argument he notes that the Supreme Court's holding in *Nakshian* produced a uniform rule that federal plaintiffs are not entitled to a jury trial under either the ADEA or the FLSA. Although the Court in *Nakshian* observed that its holding produced a certain uniformity, 101 S.Ct. at 2703, n.11, the primary ground for its conclusion that jury trials were not available in

---

**3.** The plaintiff argues that subsection (f) was merely intended to assure that limitations in the ADEA's coverage of private employees, *e. g.,* the age 70 ceiling on protection for private workers, would not be read into section 15. The Supreme Court rejected such a narrow construction by construing subsection (f) as a bar to reading section 7's authorization of jury trials into section 15.

**4.** In determining that legal fees for work performed at the administrative level should be

available under Title VII but not under the ADEA Congress may have had in mind the more rigorous administrative exhaustion requirements of Title VII. *Compare* 42 U.S.C. § 2000e–16(c) (1976) *with* 29 U.S.C. § 633a(d) (1976). Arguably attorneys' fees for work performed at the administrative level are necessary to achieve the remedial purposes of Title VII but not those of the ADEA. *See Kennedy v. Whitehurst*, 509 F.Supp. 226, 231 (D.D.C. 1981).

federal employee ADEA actions was that subsection (f) precluded reading section 7's authorization of jury trials into section 15. *Id.* at 2703. Similarly, in this case subsection (f) bars reading the remedial provisions incorporated into section 7 into section 15. If there is any significant inconsistency in this result it is produced by clear legislative language.

### Equal Access to Justice Act

Having concluded that the ADEA does not authorize an award of attorneys' fees or liquidated damages, the question is whether any other statutes waive sovereign immunity to provide such relief.

■■■ Depending upon the outcome of this lawsuit, the plaintiff may be eligible to recover legal fees and costs for services performed in connection with this judicial proceeding under the Equal Access to Justice Act. P.L. 96–481, 94 Stat. 2327 (1980). The Act amended Section 2412 of Title 28 of the U.S. Code to permit an award of attorneys' fees as well as costs "to the prevailing party in any civil action" against the United States or an agency official, unless such an award is "expressly prohibited by statute." 28 U.S.C.A. § 2412(b) (1981 Supp.). The Act further provides that "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under ... the terms of any statute which specifically provides for such an award." *Id.* Since a successful ADEA litigant may recover legal fees and costs from a nongovernment defendant, *see, e. g., Cleverly v. Western Elec. Co.,* 594 F.2d 638 (8th Cir. 1979), the Act's rule of equal treatment as to public and private defendants permits a prevailing party to recover attorneys' fees and costs in an ADEA action against the United States. The Act became effective on October 1, 1981, and applies to any civil action "pending on, or commenced on or after such date." § 208, P.L. 96–481, 94 Stat. 2325 (1980). This action was obviously pending on October 1 and plaintiff may therefore apply for fees and costs pursuant to 28 U.S.C.A. § 2412 (1981 Supp.) should he be the "prevailing party" in this Court.

■■■ The Equal Access to Justice Act does not, however, authorize an award of attorneys' fees or costs for work performed in connection with the administrative proceedings in this case. First, the administrative proceedings held on plaintiff's complaint were not pending as of the effective date of the Act. Second, the Act authorizes a Court to award fees and costs only in connection with a civil action or an "adversary adjudication." 28 U.S.C.A. § 2412(d)(3) (1981 Supp.). The definition of an "adversary adjudication" excludes a proceeding that involves "a matter subject to subsequent trial on the law and the facts de novo in a court." *See* 5 U.S.C. § 554(a) (Supp. III 1979). Since this action is a de novo proceeding on plaintiff's claims of discrimination and reprisal and his demand for additional relief, the proceedings below did not constitute an "adversary adjudication" within the meaning of the Act. Accordingly, the Equal Access to Justice Act does not authorize this Court to award fees and costs for the administrative work in this case.

### Conclusion

In summary, the Court holds that plaintiff would be eligible to apply for legal fees for work performed in connection with this action pursuant to the Equal Access to Justice Act if he should prevail on his claim that his failure to receive promotion to a GS–13 supervisory audiologist position was the result of illegal discrimination or the claim that he was the victim of "retaliation." However, the Court concludes that plaintiff is precluded as a matter of law from recovering attorneys' fees for work performed at the administrative level or liquidated damages. An appropriate order is attached hereto.

### ORDER

For the reasons set out in a Memorandum filed herewith, and for the purpose of bringing into focus the remaining issues in this case, it is hereby

ORDERED that defendant's motion to dismiss a portion of this case is granted in

part and plaintiff's claims for attorneys' fees for work performed at the administrative level and for liquidated damages are dismissed; and it is further

ORDERED that except as indicated above defendant's motion to dismiss a portion of this case is denied; and it is further

ORDERED that a further status conference with counsel is set for 9:00 a. m. on November 3, 1981, for the purpose of setting a trial date and discussing other matters suggested by counsel.