**Lloyd F. WILKES, Plaintiff,**

v.

**UNITED STATES POSTAL
SERVICE, Defendant.**

No. 81 C 782.

United States District Court,
N. D. Illinois, E. D.

Oct. 5, 1982.

Murray B. Woolley, Chicago, Ill., for
plaintiff.

Dan K. Webb, U. S. Atty., Edward J.
Moran, Asst. U. S. Atty., Chicago, Ill., for
defendant.

**MEMORANDUM OPINION AND ORDER**

SHADUR, District Judge.

Lloyd Wilkes ("Wilkes") has sued United
States Postal Service ("USPS") under the
section of the Age Discrimination in Em-
ployment Act applicable to the Federal
Government, 29 U.S.C. § 633a.[1] USPS has
filed a motion stated as aimed at the entire
relief portion of Wilkes' Second Amended
Complaint, but in fact addressed only to
Paragraphs b, d and e of the prayer for
relief. As so limited USPS' motion is
granted for the reasons stated in this mem-
orandum opinion and order.

■ Paragraph d asks for damages for
mental distress allegedly incurred by
Wilkes because of his discharge. In *Pfeif-
fer v. Essex Wire Corp.*, 682 F.2d 684 (7th
Cir. 1982), our Court of Appeals recently
decided such damages are not recoverable
under ADEA. *Pfeiffer* of course controls,
and Paragraph d is therefore stricken.

■ As for Paragraphs b and e, they seek
a finding of USPS' willful violation of
ADEA in discharging Wilkes, with a corol-
lary award of liquidated damages. What
Wilkes has failed to take into account is
that the Federal Government stands in a
different position from other employers un-
der ADEA:

　1. Liquidated damages are a creature
　of statute, awardable under § 626(b).
　But the statutory structure that extends
　ADEA to the Government as employer
　(§ 633a(f)) specifically makes the other
　statutory provisions—including
　§ 626(b)—*inapplicable*.[2]

　2. That reading is consistent with and
　called for by *Lehman v. Nakshian*, 453

---

1. All further references to Title 29 will simply
take the form "§".

2. This Court anticipated and reserved that
question in *Edmondson v. Simon*, 87 F.R.D.
487, 489 n.1 (N.D.Ill.1980). *Edmondson* pre-

U.S. 156 [101 S.Ct. 2698, 69 L.Ed.2d 548] (1981), both in terms of statutory construction and as a matter of sovereign immunity.

3. It is true that § 633a(c) allows the Court, in ADEA actions against the Federal Government, to grant "such legal or equitable relief as will effectuate the purposes of this chapter." That language however should be read in conjunction with the specific inapplicability of the liquidated damages provision of § 626(b). This Court will not, in light of *Lehman*, imply the remedy of liquidated damages from the general provision for "legal or equitable relief."

*Accord, Muth v. Marsh*, 525 F.Supp. 604, 608–9 (D.D.C.1981). For that reason, Paragraphs b and e are stricken as well.

ceded the Supreme Court's decision in *Lehman* next referred to in the text of this opinion.