**Richard KRODEL, Plaintiff,**

v.

**Andrew YOUNG, et al., Defendants.**

**Civ. A. No. 80–3183.**

United States District Court,
District of Columbia.

Dec. 8, 1983.

Roy J. Bucholtz, Reston, Va., Patricia J. Barry, Avila Beach, Cal., for plaintiff.

Shirley Huang, Kathryn Ferger, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

FLANNERY, District Judge.

This case comes before the court on plaintiff's petition for attorneys' fees and costs incurred in pursuing his age discrimination case in this court. Plaintiff claims that he is entitled to this award as a successful plaintiff under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Defendant argues that plaintiff is not entitled to attorneys' fees under this act, or any other.

### FACTS

Plaintiff is a management analyst employed in the Office of Hearings and Appeals of the Social Security Administration, Department of Health and Human Services, and its predecessors, in that capacity since December 1968. Plaintiff alleged that he was denied promotions on the basis of age in violation of the ADEA. Plaintiff further alleged that his First and Fifth Amendment rights had been violated by defendants.

The bases of plaintiff's complaint were the denials of his applications in 1976 and 1977 for five separate promotions. He claimed that he had not been selected for the first four positions because of his age. In regard to the fifth position, he alleged that he was not selected as a result of reprisals against him for his earlier complaints of discrimination. Plaintiff exhausted his administrative remedies and then appealed to this court.

On July 9, 1981, this court dismissed plaintiff's First and Fifth Amendment claims. On February 9, 1983, this court, after trial on the merits of plaintiff's claims, entered judgment on behalf of plaintiff under 29 U.S.C. § 633a, with respect to the first promotion that plaintiff applied for, and on behalf of defendant for all other promotion actions at issue in the case.

Plaintiff now applies to this court for an award of attorneys' fees under the ADEA and the Equal Access to Justice Act, (EAJA), 28 U.S.C. § 2412. For the reasons stated below, this court finds that the ADEA authorizes the award of attorneys' fees to successful plaintiffs. It also finds that the plaintiff in this case is a "successful plaintiff" entitled to reasonable attorneys' fees.

### DISCUSSION

In 1967, Congress passed the ADEA to protect workers against discrimination in the workplace on the basis of age. 29 U.S.C. § 621(b). As originally passed, the Act's protection was limited to employees in the private sector. Pub.L. 90–202, § 11, 81 Stat. 605, 29 U.S.C. § 630(b) (1970 ed.). In 1974, however, Congress amended ADEA to extend its protection to public employees. 29 U.S.C. § 633a. Although the prohibitions against age discrimination are virtually identical in the sections that apply to private and public employees, the enforcement provisions differ.

Enforcement against discrimination in the private sector is provided for by 29 U.S.C. § 626(b). That section incorporates § 216 (except for subsection (a)) of the Fair Labor Standards Act (FLSA). 216(b) states, in relevant part:

The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). Thus, a plaintiff who prevails against a private employer under the ADEA is entitled to recover reasonable attorney's fees. *See, e.g., Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834, 842 (3d Cir.1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Brennan v. Ace Hardware Corp.,* 495 F.2d 368, 374 n. 11 (8th Cir.1974).

The section of the ADEA that applies to the federal government does not explicitly incorporate these enforcement provisions. Indeed, 29 U.S.C. § 633a(f) states:

Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.[1]

Although plaintiff acknowledges that attorneys' fees are not explicitly provided for by § 633a, he claims that the private enforcement provisions for public sector employees, 29 U.S.C. § 633a(c) is broad enough to encompass an award of attorneys' fees. That section states:

Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate *the purposes of this chapter.*

*Id.* (emphasis added).

Thus, the first issue that this court must decide is whether § 633a(c) authorizes successful plaintiffs under the ADEA to recover attorneys' fees. Defendants argue that § 633a(f) is an express prohibition against the award of attorneys' fees in federal ADEA cases.[2]

The plaintiff has two hurdles to overcome in order to prove an entitlement to attorneys fees from an agent of the United States. The first is embodied in the so-called "American Rule." That rule states that, in the absence of Congressional intent to the contrary, each party must bear the financial burden of litigation regardless of who prevails. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The party seeking attorneys' fees must demonstrate that Congress "clearly indicated" that such recovery be allowed. *See Fitzgerald v. United States Civil Service Commission,* 554 F.2d 1186, 1189 (D.C.Cir.1977). A statutory provision, however, need not contain the words "attorneys' fees" to permit such awards. *See, e.g., Kennedy v. Whitehurst,* 690 F.2d 951, 962 (D.C.Cir.1982); *Fitzgerald,* 554 F.2d at 1189 n. 8; *Smith v. Califano,* 446 F.Supp. 530, 533 (D.D.C.1978). The second hurdle is presented by the doctrine of sovereign immunity of the United States which requires that it be liable to suit and judgment only to the extent to which it has expressly consented. *See, e.g., United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).

On the other hand, Congress has encouraged, in part through the ADEA, private action to implement public policy. The Supreme Court has made it clear that the congressional policy embracing a "private attorney general" system for enforcement of civil rights legislation mandates a liberal construction of attorneys' fees provisions in the area of personal rights. *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 401–02, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). The right to be employed in an environment free from age discrimination

---

**1.** § 631(b) sets forty years of age as the lower age limit for employees covered by § 633a. 29 U.S.C. § 631(b).

**2.** *See* Defendant's Memorandum in Opposition to Plaintiff's Application for Attorneys' Fees and Costs, (Defendant's Opposition") at 11.

has been declared such a civil right, and therefore, the remedial provisions of the ADEA must be read broadly.[3] *Kennedy v. Whitehurst*, 690 F.2d 951 (D.C.Cir.1982). Thus, the court carries these competing doctrines with it as it interprets the relevant provisions of the acts in question.

The plaintiff argues that the language in the ADEA which states that persons aggrieved under the statute may bring an action for relief "as will effectuate the purposes of this chapter" is a clear indication that Congress intended to allow plaintiffs to recover attorneys' fees. 29 U.S.C. § 633a(c). This language must be read in light of § 633a(f) which explicitly does *not* incorporate the enforcement sections, including the award of attorneys' fees, in the portion of the act dealing with age discrimination in the private sector. 29 U.S.C. § 633a(f). Defendant argues that, on the strength of § 633a(f), § 633a must be viewed as a closed set, without regard to the rest of the ADEA. *Cf. Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (jury trials not provided for in federal sector of ADEA even though they are in private sector).

In the area of fashioning relief for public sector violations of ADEA, however, the statutory language itself requires courts to look to the other sections of the statute.[4] It would be impossible to grant relief that effectuates the purpose of the act without looking to the other sections therein. *Kennedy*, 690 F.2d at 962 ("determination of appropriate remedies must be informed by the ADEA as a whole.") *See DeFries v. Haarhues*, 488 F.Supp. 1037 (C.D.Ill.1980).

■ § 633a is an express and unequivocal waiver of sovereign immunity by the United States with regard to age discrimination claims. Indeed, the intent of that section, as set out in the House report is to:

remove discriminatory barriers against employment of older workers in government jobs at the Federal and local government levels as it has and continues to do in private employment.

H.R.Rep. No. 913, 93d Cong., 2d Sess. (1974) at 40–41, U.S.Code Cong. & Admin. News 1974, pp. 2811, 2850. The goal of the enforcement sections of the ADEA is to make the plaintiff whole again. In other words, the act is designed to place victims

3. The court in *Smith v. Califano*, interpreted virtually the identical language in Title VII to allow an award of attorneys' fees by administrative agencies to successful plaintiffs. 446 F.Supp. 530, 533 (D.D.C.1978). The language in that act directs the agency to provide remedies "as will effectuate the policies of this section." 42 U.S.C. § 2000e–16(b). The similarity of the philosophies of Title VII and ADEA are noted below. Although the court in *Kennedy* rejected the argument that administrative agencies could award attorneys' fees under ADEA, it noted that "judicial actions clearly play a role distinct from administrative proceedings in the ADEA enforcement scheme." 690 F.2d at 963.

4. Thus, the issue considered in the case at bar is clearly distinguishable from the issue considered by the Supreme Court in *Lehman*. In that case, the Court had to determine whether plaintiffs in federal sector cases have a right to jury trials as the plaintiffs in the private sector cases do. 453 U.S. at 160, 101 S.Ct. at 2701. Initially, the Court noted that when Congress had waived the United States' sovereign immunity, it had "almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." *Id.* at 161, 101 S.Ct. at 2701. The Court, therefore, had to decide

whether Congress was departing from its usual practice in this area. Absent *any* language in § 633a supporting plaintiff's position, the Court held that Congress was not. *Id.* at 162, 101 S.Ct. at 2702.

In the present case, Congress' practice in this area of the law supports plaintiff's position. As noted above, in the civil rights area, Congress has encouraged private enforcement of its legislation by allowing successful plaintiffs to recover attorneys' fees. *See Kennedy*, 690 F.2d at 953. In fact, the Court in *Lehman* looked to Title VII of the Civil Rights Act for guidance in determining whether jury trials were provided for in the ADEA. 453 U.S. at 163–64, 101 S.Ct. at 2703. Thus, the fact that Title VII allows successful plaintiffs to recover attorneys' fees against the government might shed light on Congress' intent in the ADEA. *See* 42 U.S.C. § 2000e–5(k); 42 U.S.C. § 2000e–16(d).

Furthermore, by requiring the courts to fashion remedies which "effectuate the purposes" of the ADEA, Congress has given the courts much greater latitude than in the area of jury trials. Thus, this court does not believe that *Lehman* defeats plaintiffs' argument that § 633a authorizes attorneys' fees. *See Robinson, supra*; *DeFries*, 488 F.Supp. at 1045; *but see Muth v. Marsh*, 525 F.Supp. 604, 607 (D.D.C.1981).

of discrimination in the economic position they would have been in but for the unlawful discrimination of their employers. *See, e.g., Rodriguez v. Taylor,* 569 F.2d 1231, 1238 (3d Cir.1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978). This could not be accomplished if plaintiffs had to pay attorneys' fees in discrimination cases, which can become protracted legal battles. *See, e.g., DeFries,* 488 F.Supp. at 1045 (attorneys' fees exceeded amount of damages awarded). Congress recognized this and provided for recovery of attorney fees by private employees. 29 U.S.C. §§ 216(b), 626(b); *Brennan v. Ace Hardware Corp.,* 495 F.2d 368 (8th Cir.1974). A conclusion that the purpose of the ADEA is to make private plaintiffs whole, but public sector plaintiffs something less than whole is anomalous and is not supported by the language, history, or structure of the act, or by logic. As noted in *Kennedy,* judicial actions are central to the remedial scheme of the ADEA. 690 F.2d at 966 n. 25. It is, therefore, difficult to believe that Congress intended to leave the substantial burden of attorneys' fees on those plaintiffs who have been discriminated against on the basis of age by the government.[5]

■ This court holds that plaintiff, as a successful litigant against the federal government under the ADEA is entitled to reasonable attorneys' fees.[6] This holding, however, does not end the court's analysis of this case. The court must determine what amount of attorneys' fees will "effectuate the purposes" of the ADEA.

The goal of the court in awarding attorneys' fees pursuant to "statutes like Title VII" is to set a fee sufficient to encourage individuals injured by discrimination to seek judicial relief. *Copeland v. Marshall,* 641 F.2d 880, 890–91 (D.C.Cir.1980) (en banc); *see Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 401–02, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). As a result, fees are awarded only to prevailing parties under these statutes. The court is faced with a problem, however, when the plaintiff prevails on some counts in his complaint and not on others.[7] The Su-

5. The United States Court of Appeals for the District of Columbia Circuit, sitting *en banc,* employed similar logic. *Copeland v. Marshall,* 641 F.2d 880 (1980). After noting that one of the goals of awarding attorneys' fees in civil rights cases is to deter discrimination, the court stated: "We do not think that the incentive for the government to refrain from discrimination should be any less than for private employers." *Id.* at 895.

6. Although this court does not base its holding on the EAJA, it believes that plaintiff would be able to recover attorneys' fees under that act as well. The relevant provision of the ADEA states:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, ... to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States ... The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b). As stated above, the ADEA awards attorneys' fees to prevailing private sector plaintiffs. 29 U.S.C. §§ 216(b), 626(b). The EAJA provides that the government shall be liable for attorneys' fees to the same extent as private parties, and thus, the government would

be liable to plaintiffs prevailing in their age discrimination claim. *See Muth v. Marsh,* 525 F.Supp. 604, 609 (D.D.C.1981).

Defendants argue, based primarily on the Supreme Court's decision in *Lehman, supra,* that § 633a(f) "expressly prohibits" plaintiffs from recovering attorneys' fees by not incorporating the attorneys' fee provisions applying to private employees. An examination of § 633a(f) will not stand such a reading. In *Lehman,* the Supreme Court held that, in light of § 633a(f), § 633a(c) could not be read to be an "affirmative statutory grant of the right to a jury trial to government employees. 453 U.S. at 165, 101 S.Ct. at 2704, 69 L.Ed.2d 548. The Court did *not* hold that § 633a(f) prohibited jury trials for government employees. *Id.* Indeed, the court considered whether the legislative history of the ADEA supported a finding that jury trials were provided for government employees. 453 U.S. at 165–69, 101 S.Ct. at 2704–06. Clearly, the Court would not have done so if the language of the act prohibited such a finding.

7. It is well established that in such a case, a party qualifies as a "prevailing party" if he succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978). The court must still determine, however, what a reasonable fee would be.

preme Court recently has shed light on this problem in *Hensley v. Eckerhart*, —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

It is well established that the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See, e.g., Hensley*, 103 S.Ct. at 1939; *Copeland*, 641 F.2d at 891. This formula must then be adjusted to coincide with the events of the particular case. The Supreme Court has stated that the "plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under the statute considered. *Hensley*, 103 S.Ct. at 1943. The logic of the Court's decision applies to other civil rights legislation as well. The Court stated that when a plaintiff has obtained "excellent results" his attorney should recover a fully compensatory award. *Id.* at 1940. The fee should not be reduced because the plaintiff did not prevail on every theory of recovery. The Court also noted that the fact that a plaintiff may fail to receive all the relief requested is not necessarily significant. *Id.* at 1941 n. 11.

█ In the present case, the defendant argues that plaintiff's claim for attorneys' fees should be reduced because plaintiff succeeded on only one of his five claims of discrimination and failed to succeed on his constitutional claims. Nonetheless, this court believes that plaintiff achieved "excellent results" in this case. Although the plaintiff alleged that he was denied five separate promotions, he could only have recovered back pay for one. Furthermore, the plaintiff could not have been reinstated into more than one of these positions. Plaintiff recovered as much as he could have if he had prevailed on all five claims. Although plaintiff's constitutional claims did not prevail, they were based on "a common core of facts" as his other claims, and were, therefore, related to those claims. *Id.* at 1940. Finally, even defendant admits that testimony at trial involving

the claim on which plaintiff ultimately prevailed comprised the vast majority of time spent in trial.[8] Therefore, under the analysis set out in *Hensley*, plaintiff would recover the full amount of reasonable hours worked on this litigation at a reasonable rate of pay.

The final determination that this court must make is whether the rate of attorneys' fees claimed by plaintiff is reasonable. Those claims can be divided into four categories: 1. Fees for the services of Roy J. Bucholtz; 2. fees for the services of Patricia J. Barry; 3. fees for the services of Murdaugh S. Madden, and; 4. costs. These claims are considered below.

█ Plaintiff claims attorneys' fees for Mr. Bucholtz of $33,633 which represents 373.3 hours worked at a rate of $90 per hour. A reasonable hourly rate is that prevailing in the community for similar work. *Copeland*, 641 F.2d at 892. Mr. Bucholtz' affidavit, however, provides very little evidence of the prevailing rate in the community for the type of work involved in the present case. It cites one case in which Mr. Bucholtz was awarded $90 per hour by an administrative law judge in a personnel action. Even in that case, Mr. Bucholtz does not demonstrate that the complexity of work involved was analogous to that involved in this case. The affidavit by an attorney should include specific information about the prevailing rate in the community, and/or about the attorney's own rate, actually received, for similar work. *See National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325–26 (D.C.Cir.1982). This court finds that, on the basis of the degree of skill required by this case and on the strength of Mr. Bucholtz' success in this case, a rate of $80 per hour is reasonable.

Mr. Bucholtz has submitted a sufficiently detailed record of the hours logged and work done in this case. Defendant does not claim that the hours submitted by Mr. Bucholtz are unreasonable. Rather de-

---

8. Defendant's Opposition at 29. Defendant estimated that only 20% of the testimony at trial

dealt with positions other than the one on which plaintiff prevailed. *Id.*

fendant alleges that plaintiff should not be compensated on the basis of all the hours worked because he did not succeed on all of his claims. That line of reasoning was rejected above, and this court finds the number of hours submitted by Mr. Bucholtz to be reasonable.

 Ms. Barry has applied to this court for attorneys' fees in the amount of $4,230. This is based on a rate of $100 per hour for 42.3 hours worked. As was true in Mr. Bucholtz' application, Ms. Barry documents her hourly rate by pointing to one case for which she was compensated at that rate. There is no evidence that the present case involved the same degree of complexity as the cited case. Furthermore, Ms. Barry did not follow this case beyond its preliminary stages, and therefore did not have the opportunity to exercise the full extent of her expertise. This court finds that a rate of $65 per hour is reasonable for the services rendered by Ms. Barry in the present case.

Once again, the defendant argues that Ms. Barry's hours should be reduced because plaintiff did not succeed on all the claims Ms. Barry filed. Ms. Barry, however, filed the initial complaint that instigated this suit, and the amended complaint that contained the claim on which plaintiff ultimately prevailed. She also conducted discovery pertaining to plaintiff's successful claim. Furthermore, Ms. Barry submitted a detailed record of her hours worked in this case. This court does find, however, that Ms. Barry should not be compensated for all the time she spent drafting the original *and* amended complaints, and the reply to defendants' motion to dismiss. After applying the criteria established by the Supreme Court in *Hensley* to the record of hours submitted by Ms. Barry, this court finds that thirty hours of Ms. Barry's time are compensable.[9]

Plaintiff also claims that he paid Murdaugh S. Madden $150 for legal advice.

There is no affidavit, however, indicating the amount of time or the nature of the work performed by Mr. Madden. Plaintiff has provided none of the information necessary to substantiate the propriety of including this expense in plaintiff's award. *See National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1323–24 (D.C.Cir.1982). This claim must, therefore, be denied.

The final claim at issue is that of $2,125.01 for costs incurred during the litigation. Most of these costs are directly related to the discovery of information and the actual litigation of plaintiff's claims. Although defendant notes that expenses for parking are not permitted to be recovered under the EAJA, no reason is given for denying these costs under the ADEA. This court finds that the enumerated expenses are reasonable and believes they should be included in plaintiff's award.

---

**9.** The defendant argues that plaintiff's recovery must be limited to what plaintiff actually paid Ms. Barry. The recovery of reasonable attorneys' fees is not limited to the amount that the plaintiff actually paid the attorney. *See, e.g., Copeland*, 641 F.2d at 883, 884 n. 1.