Clara C. **CHAMBERS**

v.

Caspar W. **WEINBERGER, in his official capacity as Secretary of the United States Department of Defense.**

Civ. No. C84–671.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 30, 1984.

Robert B. Remar, Remar, Arnold & Zimring, Atlanta, Ga., for plaintiff.

Sharon D. Stokes, Asst. U.S. Atty., Atlanta, Ga., for defendant.

ORDER

ORINDA D. EVANS, District Judge.

This case is before the court on Defendant's motion to strike Plaintiff's demand

for a jury trial and claim for liquidated damages.

Plaintiff is a former temporary employee of the United States Department of Defense ("the Department"). She brings suit against the Secretary of Defense under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a. Plaintiff alleges that she was terminated from her employment with the Department and was not hired for positions for which she was qualified, solely because of her age. Plaintiff is presently 78 years of age.

In her complaint, Plaintiff requests money damages in an amount equal to two times her lost wages. She asks that the court direct the Defendant to reinstate her with full back pay and benefits, and that she be awarded her attorney's fees and costs. Plaintiff also requests that the action be tried by a jury.

■ Defendant denies Plaintiff's allegations and has moved to strike Plaintiff's request for a jury trial. Defendant argues that under *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), federal employees are not entitled to a jury trial in age discrimination cases. Plaintiff has conceded this point. Plaintiff's demand for a jury trial is therefore stricken.

■ Defendant has also moved to strike Plaintiff's prayer for relief seeking liquidated damages. He argues that the statutory structure[1] which extends the ADEA to government employees specifically makes the ADEA provision concerning liquidated damages inapplicable.

Plaintiff argues that Congress intended federal employees to have the same substantive rights under the ADEA as private sector employees. Since liquidated damages are available under the ADEA in suits against private employers,[2] Plaintiff argues that such damages are recoverable against a federal government defendant, even through not expressly provided for in the federal employment section of the Act.

For the reasons hereinafter stated, the court GRANTS Defendant's motion to strike Plaintiff's prayer for relief seeking liquidated damages.

The ADEA was passed in 1967 to protect older workers from discrimination in the work place on the basis of age. 29 U.S.C. § 621(b). The Act originally applied only to employees in the private sector, but was amended in 1974 to include employees of local, state, and federal government. Local and state employees were added by extending the original Act's definition of employer. 29 U.S.C. § 630. Federal employees, however, were brought within the Act by the addition of an entirely separate section. 29 U.S.C. § 633a.

The new federal section of the ADEA provides for both administrative enforcement by the Equal Employment Opportunity Commission[3] and judicial enforcement in federal district court. 29 U.S.C. § 633a(b) and (c). The provision authorizing age discrimination actions against the federal government states:

Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.

29 U.S.C. § 633a(c). § 633a provides no other guidelines with respect to the relief available against the federal government under the ADEA.

The ADEA was amended again in 1978, removing the upper age limitation for federal employees and raising the age limit for nonfederal employees to seventy. The 1978 amendments also added a new subsection (f) to § 633a:

Any personnel action of any department, agency or other entity referred to in sub-

---

1. 29 U.S.C. § 633a.

2. 29 U.S.C. § 626(b).

3. The Act originally vested authority over ADEA administrative actions in the Civil Service Com-

mission. These functions were transferred to the Equal Employment Opportunity Commission by Reorg. Plan No. 1 of 1978, § 2, 43 F.R. 19807.

section (a)[4] of this section shall not be subject to, or affected by, any provision of this chapter other than the provisions of section 631(b)[5] of this title and the provisions of this section.

29 U.S.C. § 633a(f). The general language and sparse legislative history of these provisions creates a particularly difficult task of statutory interpretation for the courts. Construing subsections (c) and (f) together, § 633a appears to grant general relief to federal employees but prohibit application of the more specific private sector provisions.

The private sector enforcement provision of the ADEA, 29 U.S.C. § 626(b), incorporates the remedial scheme of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 211(b), 216, 217. Private, state and local employers who violate the ADEA are therefore liable for unpaid wages or overtime, plus an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Under § 626(b), an employee may only collect liquidated damages in cases of willful violations of the ADEA.

§ 633a does not explicitly provide for payment of liquidated damages by the federal government. The issue thus posed is whether the federal courts may effectuate the purposes of the ADEA by granting the remedy of liquidated damages to federal employees under the authorization of "legal or equitable relief" in § 633a(c). The court's resolution of this issue must be guided by the Supreme Court decision in the closely related case of *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981).

In *Lehman*, the Supreme Court held that federal employees were not entitled to a jury trial under the ADEA, notwithstanding that private, state and local employees were so entitled. The Court noted that when Congress had waived the United States' sovereign immunity, it had "almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." 453 U.S. at 161, 101 S.Ct. at 2702. The Court found no language in § 633a or

its legislative history to indicate that Congress meant to depart from its usual practice in this area. Since the Seventh Amendment has no application in actions at law against the United States, Congress' use of the words "legal relief" does not imply a right to trial by jury. *Id.* at 163, 101 S.Ct. at 2703. Furthermore, Congress had amended the ADEA in 1978 to provide for jury trials in private suits, 29 U.S.C. § 626(c)(2), but made no comparable changes in the federal enforcement sections. *Id.* at 167, 101 S.Ct. at 2705.

Finally, the Court found that subsection (f) clearly defines § 633a as "self-contained and unaffected by other sections, including those government procedures applicable in actions against private employers." *Id.* at 168, 101 S.Ct. at 2705. The court therefore held that the right to trial by jury does not extend to federal employees who bring suit under the ADEA.

Two lower courts have relied on *Lehman* and on § 633a(f) in refusing to allow a claim for liquidated damages against the federal government. In *Muth v. Marsh*, 525 F.Supp. 604 (D.D.C.1981), the court barred a federal employee from recovering either attorneys' fees or liquidated damages in an ADEA action. The *Muth* court held that "the [Supreme] Court's construction of subsection (f) is a positive indication that Congress intended that the remedies authored by section 7 [29 U.S.C. § 626] shall not be read into section 15 [§ 633a]." 525 F.Supp. at 608.

In *Wilkes v. U.S. Postal Service*, 548 F.Supp. 642 (N.D.Ill.1982), the court simply declined to imply the remedy of liquidated damages from the general provision for "legal or equitable relief." The *Wilkes* court stated that "liquidated damages are a creature of statute, available under § 626(b)," but concluded that § 626(b) is specifically inapplicable under *Lehman*. 548 F.Supp. at 642–3, citing *Muth v. Marsh*, 525 F.Supp. 604 (D.D.C.1981).

A year after *Wilkes*, the court that decided *Muth v. Marsh* reversed its position on attorney's fees and held that such fees

---

**4.** Subsection (a) of § 633a defines the federal agencies affected by the provisions of § 633a.

**5.** § 631(b) sets forty years of age as the lower age limit for employees covered by § 633a.

could be recovered against the federal government under the ADEA. In *Krodel v. Young,* 576 F.Supp. 390 (D.D.C.1983), the court rejected the government's argument that § 633a must be viewed as a closed set:

> In the area of fashioning relief for public sector violations of ADEA, however, the statutory language itself requires courts to look to the other sections of the statute. It would be impossible to grant relief that effectuates the purpose of the act without looking to the other sections therein.

576 F.Supp. at 394. The court went on to find that judicial actions are central to the ADEA remedial scheme, and thus attorneys' fees are necessary to effectuate the purposes of the Act. The court also stated:

> A conclusion that the purpose of the ADEA is to make private plaintiffs whole, but public sector plaintiffs something less than whole is anomalous and is not supported by the language, history or structure of the act, or by logic.

*Id.* at 390. *Krodel* did not deal with the issue of liquidated damages.

Plaintiff argues on the basis of this language in *Krodel* that liquidated damages should be available to make federal plaintiffs whole to the same extent as private plaintiffs. She argues that subsection (f) was enacted only to make clear that the administrative enforcement mechanism applicable to the federal government is self-contained within § 633a. The Plaintiff also distinguishes *Lehman* on the grounds that the jury trial issue requires a "unique analysis." Plaintiff's Memorandum, p. 7, fn 3.

The court does not agree that subsection (f) of § 633a is merely a limitation on administrative procedures. The Supreme Court has made it clear in *Lehman* that § 633a is complete in itself. 453 U.S. at 169, 101 S.Ct. at 2706. A federal employee plaintiff thus cannot look to the statutory remedies and procedures provided for private employees under the Act.

However, money damages may be available in an ADEA action under § 633a, which authorizes the granting of "legal relief" to effectuate the purposes of the Act.[6] 29 U.S.C. § 633a(c). The issue thus becomes whether the court can award liquidated damages without an express statutory provision for them.

The court concludes that liquidated damages are not available under the general remedy provisions of § 633a. Liquidated damages are in the nature of legal relief.[7] But the liquidated damages remedy is purely statutory: "it is, indeed, a right dependent solely on the statute of the State." *Dennick v. Railroad,* 103 U.S. (13 Otto) 11, 17, 26 L.Ed. 439 (1880).[8] While retention of pay may well result in damages "too obscure and difficult of proof for estimate other than by liquidated damages," *Overnight Motor Co. v. Missel,* 316 U.S. 572, 583-4, 62 S.Ct. 1216, 1223, 86 L.Ed. 1682 (1941), this difficulty does not remove the necessity that Congress exercise its legislative judgment[9] in creating such a remedy. Congress recognized the benefits of the liquidated damages remedy,[10] but declined to incorporate it into the ADEA enforcement scheme for federal employees.[11] Liq-

---

**6.** The Fifth Circuit has held that general and punitive damages may not be recovered against a private employer under § 626(b) or (c) of the ADEA. *Dean v. American Security Insurance Co.,* 559 F.2d 1036 (5th Cir.1977). That holding may not be dispositive of the issue under § 633a, which gives the courts considerable latitude in fashioning relief for federal plaintiffs.

**7.** *See Overnight Motor Co. v. Missel,* 316 U.S. 572, 583-4, 62 S.Ct. 1216, 1222-23, 86 L.Ed. 1682. Congress recognized this when it passed the 1978 amendments to the ADEA. *See* House Conf.Rep. No. 95-950, 1978 U.S.Code Cong. & Ad.News, pp. 504, 535.

**8.** *See also Wilkes v. U.S. Postal Service, supra,* at 642 ("Liquidated damages are a creature of statute....").

**9.** *See Atchison Railway v. Nichols,* 264 U.S. 348, 351, 44 S.Ct. 353, 354, 68 L.Ed. 720 (1923).

**10.** *See* House Conf.Rep. No. 95-950, 1978 U.S. Code Cong. & Ad.News, p. 535.

**11.** The ADEA private sector enforcement scheme was patterned on the Fair Labor Standards Act, which allows liquidated damages. § 633a was not patterned on the FLSA, but on Title VII of the Civil Rights Act of 1964, 42

uidated damages are therefore not available in an ADEA action against the federal government; accordingly, Plaintiff's prayer for liquidated damages is hereby stricken.

In summary, the court GRANTS Defendant's motion to strike.

---

U.S.C. § 2000e *et seq. Lehman v. Nakshian,* 453 U.S. 156, 166–7, 101 S.Ct. 2698, 2704–05, 69 L.Ed.2d 548 (1981). Title VII does not allow the recovery of damages. *Miller v. Texas State Board of Barber Examiners,* 615 F.2d 650, 654 (5th Cir.1980). The fact that § 633a is rooted in Title VII therefore counsels restraint in this court's interpretation of the term "legal relief" in subsection (c).